■ In the Matter of CURTIS MOORE, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [719 NYS2d 309] —Proceeding pursuant to

CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges the determination finding him guilty of violating the prison disciplinary rules that prohibit conduct which is intended to result in a riot and urging other inmates to participate in a demonstration. Initially, we reject petitioner's assertion that the misbehavior report was insufficient to provide him with specific dates and times regarding the alleged charges. Inasmuch as the charges resulted from an ongoing investigation, it was sufficient for the misbehavior report to set forth the date and time that petitioner's cell was searched uncovering the documents at issue rather than to attempt to specify the exact dates and times when petitioner was alleged to be involved in the charged conduct (*see, Matter of Carini v Mann*, 237 AD2d 761).

Among the evidence presented at the hearing was information from confidential informants which prompted a search of petitioner's cell, the misbehavior report relating that documents advocating a State-wide prison demonstration were discovered during the cell search and corroborating testimony from two correction officers involved in the investigation. Significantly, it was determined upon examination of the demonstration material found in petitioner's cell that the documents were originals rather than copies. In view of the foregoing, substantial evidence supports the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Velez v Goord*, 262 AD2d 906). Furthermore, despite petitioner's claim to the contrary, a review of the in camera confidential testimony reveals that there was sufficient proof and corroborating evidence for the Hearing Officer to independently assess the credibility of the confidential informants (*see, Matter of Sanabria v Senkowski*, 274 AD2d 799). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.