■ In the Matter of CHETWYND T. SHANHOLTZER, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Discipline, Respondent. [738 NYS2d 114] —Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered

February 13, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, compel his return to Green Haven Correctional Facility.

While incarcerated at Green Haven Correctional Facility in Dutchess County, petitioner was found guilty in two separate tier III hearings of violating certain prison disciplinary rules. The penalty imposed as the result of each hearing was a period of keeplock and loss of privileges. Petitioner began serving the keeplock penalties in his general population cell at Green Haven, but was thereafter transferred to Upstate Correctional Facility in Franklin County, where he was placed in the facility's special housing unit (hereinafter SHU). Petitioner then commenced this CPLR article 78 proceeding, claiming that his transfer was arbitrary and capricious and seeking injunctive and monetary relief. Petitioner's keeplock penalties expired before the return date of the proceeding, which resulted in his release from SHU and transfer to another facility. Concluding that petitioner had received all the relief that could be granted in this proceeding, Supreme Court dismissed the petition. Petitioner appeals.

Petitioner concedes that the Department of Correctional Services has the authority to transfer him from one facility to another and that, pursuant to 7 NYCRR 301.6 (a), an inmate housed at Upstate may be placed in the SHU for confinement pursuant to a tier II or tier III disciplinary determination. According to petitioner, however, he could not be transferred from another facility to serve his previously imposed keeplock penalty in Upstate's SHU because he was thereby subjected to a harsher penalty than that imposed as a result of the disciplinary proceedings. Regardless of the merits of petitioner's claim, we agree with Supreme Court that release from SHU, which has already occurred, is the only relief to which petitioner could be entitled in this proceeding.

With regard to the injunctive-type relief being sought, petitioner has no right to be returned to Green Haven (see, Matter of Hernandez v Goord, 279 AD2d 919) and there is nothing in the record to demonstrate any likelihood that petitioner will again be transferred to Upstate's SHU under similar circumstances. With regard to the monetary damages petitioner seeks as incidental to his CPLR article 78 claim (see, CPLR 7806), we conclude that the expense he incurred in transferring his property from Green Haven to Upstate is not incidental to petitioner's claim, which has as its focus his placement in SHU and not the transfer itself. In other words, if petitioner

had been transferred to Upstate and placed in the general population to serve the keeplock confinement, he would have no claim and, therefore, the expense he incurred in the transfer is not incidental to the claim. The remaining incidental damages sought by petitioner constitute incidents of litigation which are not compensable in the absence of specific statutory authority (*see, Gittens v State of New York*, 132 Misc 2d 399; *see generally, City of Buffalo v Clement Co.*, 28 NY2d 241, 262-263). CPLR 8301 (b), cited by petitioner, permits the taxation of disbursements on a motion and has no relevance to the question of whether there was any relief that could be granted on the underlying claim. There is no cause of action to recover costs or disbursements (*see, Rahabi v Morrison*, 81 AD2d 434, 437). Supreme Court correctly dismissed the petition and, therefore, the judgment is affirmed.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.