In the Matter of ROBERT J. ELLIS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [815 NYS2d 345]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit solicitation of a sexual act and harassment. The charges stemmed from a note that petitioner gave to a female teaching instructor wherein he expressed that he would miss the instructor and would like to discretely give her a hug goodbye before she left for the summer. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. The determination was modified on administrative appeal by dismissing the charge of sexual solicitation and modifying the penalty imposed on the harassment charge. This CPLR article 78 proceeding ensued.*

We are unpersuaded by petitioner's sole contention that the misbehavior report failed to afford him sufficient notice of the charge against him in order to adequately prepare a defense. The misbehavior report specified that the harassment charge arose from the communication of a message of a personal nature as conveyed in a note from petitioner and that note was attached to the misbehavior report. Accordingly, we find that petitioner was given sufficient notice of the charges against him to enable him to prepare a defense (see Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123 [1995]; Matter of Williams v Goord, 23 AD3d 972 [2005]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 * Although it appears that a question of substantial evidence was not raised in the petition and the proceeding need not have been transferred to this Court, we nevertheless retain jurisdiction in the interest of judicial economy (see Matter of Otero v Goord, 17 AD3d 805, 806 n [2005]).