■ In the Matter of Nawabi Fareedullah, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [882 NYS2d 756]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

An investigation revealed that petitioner, a prison inmate, had conspired with other inmates at Arthur Kill Correctional Facility in Richmond County to gain a leadership role over the facility's Muslim community. Petitioner was found guilty after a tier III disciplinary hearing of, among other things, violating the prison disciplinary rules that prohibit making threats, attempting to create an unauthorized organization and urging other inmates to participate in a demonstration. That determination was administratively affirmed, and this CPLR article 78 proceeding ensued.

Initially, we reject petitioner's assertion that the misbehavior report was insufficient to provide him with specific dates, times and places regarding the charges (*see Matter of Sheppard v Goord*, 292 AD2d 694, 695-696 [2002]). Inasmuch as the charges resulted from an ongoing investigation, it was sufficient for the misbehavior report to set forth the rules determined to have been violated, the particulars of the incident giving rise to the violations and a time period during which said incidents occurred, all of which served to provide petitioner with enough particulars to make an effective response (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123 [1995]; *Matter of Lamage v Selsky*, 47 AD3d 1144, 1146 [2008]; *Matter of Dolan v Goord*, 41 AD3d 1119, 1119-1120 [2007]; *Matter of Ellis v Selsky*, 29 AD3d 1254 [2006]).

We further find that respondent's determination was supported by substantial evidence. Specifically, among the evidence presented at the hearing was information from confidential informants and the misbehavior report relating that documents containing threatening statements against the civilian chaplain were discovered in petitioner's personal property as well as corroborating testimony from the civilian chaplain, the correction officers involved in the investigation and petitioner himself (*see Matter of Moore v Goord*, 279 AD2d 682 [2001]; *Matter of Velez v Goord*, 262 AD2d 906 [1999]).

To the extent that petitioner denies engaging in the conduct

forming the basis for the disciplinary rule violations, credibility issues were created for resolution by the Hearing Officer (*see Matter of Koehl v Artus*, 56 AD3d 918 [2008], *lv denied* 12 NY3d 754 [2009]; *Matter of Harvey v Woods*, 53 AD3d 944 [2008]; *Matter of Jones v Goord*, 50 AD3d 1427, 1428 [2008]). Furthermore, a review of the in camera confidential testimony reveals that there was sufficient proof and corroborating evidence for the Hearing Officer to independently assess the credibility of the confidential informants (*see Matter of Moore v Goord*, 279 AD2d at 682; *Matter of Sanabria v Senkowski*, 274 AD2d 799 [2000]).

Petitioner's remaining contentions have been examined and found to be unavailing.

Peters, J.P., Lahtinen, Kane, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.