■ In the Matter of OLSEN KEY, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [901 NYS2d 722]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an altercation with a correction officer in the mess hall during which petitioner, a prison inmate, allegedly became verbally abusive and attempted to strike the officer several times with a metal pan, he was served with a misbehavior report charging him with attempting to inflict bodily harm on staff,

making threats, engaging in violent conduct, creating a disturbance, refusing a direct order and harassment. On the same day, petitioner was served with an additional misbehavior report charging him with disruptive conduct and refusing a direct order, emanating from an incident in which he was kicking a holding door and refused to stop when directed to do so. Petitioner entered a plea of not guilty to the charges in the first misbehavior report and pleaded guilty to the charges in the second misbehavior report. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the determination was confirmed, with a reduced penalty. Petitioner now appeals and we confirm.

To the extent that petitioner seeks to challenge the determination of guilt with regard to the charges contained in the second misbehavior report, he is precluded from doing so by virtue of his guilty plea (*see Matter of McMoore v Bezio*, 67 AD3d 1218 [2009]; *Matter of Pedraza v Fischer*, 65 AD3d 1434, 1435 [2009]). Turning to the charges stemming from the first misbehavior report, the report itself and the hearing testimony of the correction officers and the civilian employee—who were all present at the altercation—provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Fareedullah v Fischer*, 64 AD3d 1024, 1025 [2009], *lv denied* 13 NY3d 713 [2009]; *Matter of Accardi v Goord*, 34 AD3d 945, 946 [2006]). Any inconsistencies between the testimony of the correction officers and that of the civilian employee, and the fact that petitioner and his inmate witness testified to a contrary version of events, raised questions of credibility to be resolved by the Hearing Officer (*see Matter of Pellot v Fischer*, 67 AD3d 1231 [2009]; *Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]). As for petitioner's allegation that the Hearing Officer was biased, we are satisfied upon a review of the record that the determination of petitioner's guilt was based upon the evidence presented, rather than any alleged bias (*see Matter of Hayes v Fischer*, 70 AD3d 1085, 1086 [2010]; *Matter of Burgess v Goord*, 34 AD3d 948, 949 [2006], *lv denied* 8 NY3d 813 [2007]).

Cardona, P.J., Peters, Rose, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.