■ In the Matter of DOMINIC TUCCI, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [943 NYS2d 239]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of opiates. He was found guilty of the charge following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive urinalysis test

results and related documentation, together with the testimony of the correction officers who collected and tested the specimen, provide substantial evidence supporting the determination of guilt (*see Matter of Demarta v Prack*, 85 AD3d 1475, 1476 [2011]; *Matter of Stanford v Fischer*, 77 AD3d 1013, 1013 [2010]). Petitioner has not preserved his contention that he was improperly denied a witness inasmuch as he did not object at the hearing (*see Matter of Barclay v Knowles*, 79 AD3d 1550, 1551 [2010]; *Matter of Brown v Venettozzi*, 79 AD3d 1510, 1511 [2010]). Furthermore, his claim that he is entitled to reimbursement for the value of property allegedly lost during his confinement to the special housing unit may not be raised in the context of the instant CPLR article 78 proceeding as such relief must be sought in the Court of Claims (*see* Correction Law § 24 [2]; *Matter of Raqiyb v Goord*, 28 AD3d 892, 893 [2006]; *Matter of Harrison v Carpenter*, 201 AD2d 848, 848 [1994]).

Mercure, J.P., Rose, Spain, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.