Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) *1026 to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
An outgoing piece of mail bearing petitioner’s return address and inmate identification number was returned to the correctional facility for lack of proper postage. A civilian mail clerk opened it and discovered a concealed packet containing an unknown powdery substance glued to a greeting card. Although the substance tested negative for drugs, petitioner was charged in a misbehavior report with smuggling and violating facility correspondence procedures. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.
We confirm. The misbehavior report, related documentation and testimony of the mail clerk and correction sergeant who was notified of the incident provide substantial evidence supporting the determination of guilt (see Matter of Smith v Prack, 98 AD3d 780, 781 [2012]; Matter of Kairis v Fischer, 54 AD3d 462, 463 [2008]). Petitioner’s claim that he did not send the letter, but was set up by another inmate with whom he had had a previous argument, presented a credibility issue for the Hearing Officer to resolve (see Matter of Smith v Fischer, 108 AD3d 987, 988 [2013]; Matter of Povataj v Bezio, 84 AD3d 1658, 1659 [2011], lv denied 17 NY3d 709 [2011]). Petitioner has not preserved his claim that he was improperly denied certain witnesses as he did not put these objections on the record at the hearing (see Matter of Tucci v Selsky, 94 AD3d 1294, 1295 [2012] ). Therefore, we find no reason to disturb the determination of guilt.
Rose, J.P, McCarthy, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.