Matter of Pendell v Martuscello (2026 NY Slip Op 01837)

Matter of Pendell v Martuscello

2026 NY Slip Op 01837

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-25-1036
[*1]In the Matter of Perry Pendell, Petitioner,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2026

Before:Clark, J.P., Aarons, Pritzker and McShan, JJ.

Perry Pendell, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Taylor A. Sutton of counsel), for respondent.

Clark, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, submitted grievances relating to the ability of other incarcerated individuals to access the facility's law library. After he allegedly threatened to put "information on the street" about several facility officials during a November 7, 2023 interview regarding one of those grievances, he was charged in a misbehavior report with making threats. Correction officers frisked his cell later that day and allegedly found a facility memorandum among his papers that listed the names of facility staff and had "Kill" written next to several of the names in red marker. As a result, petitioner was charged in a second misbehavior report with making threats and engaging in violent conduct.[FN1] Following separate tier III disciplinary hearings, petitioner was found guilty as charged in the first report and the second report. The determination involving the second report, following a superintendent's review that resulted in a modified penalty, was affirmed upon administrative appeal.
Petitioner commenced this CPLR article 78 proceeding to challenge the two disciplinary determinations and to seek the replacement of legal papers that were allegedly lost or damaged during the frisk of his cell. In lieu of serving an answer, respondent moved to dismiss the petition insofar as it related to the determination finding petitioner guilty of the charges in the first report and the claim relating to his legal papers, arguing that petitioner had failed to exhaust his administrative remedies with regard to both, and to transfer the remaining challenge to this Court pursuant to CPLR 7804 (g). Supreme Court (Schreibman, J.) issued an order, dated November 26, 2024, that dismissed the legal papers claim, both because petitioner had failed to exhaust his administrative remedies and because he was obliged to bring such a claim for money damages in the Court of Claims. Supreme Court declined to dismiss the challenge to the determination involving the first report given petitioner's showing that he had indeed submitted an administrative appeal from it. The court further held that, although the challenge to the determination involving the second report raised a question of substantial evidence and must be transferred to this Court, the transfer would be held in abeyance pending further submissions from the parties as to whether the challenge to the determination of guilt regarding the first report involved a similar question.
Petitioner provided a supplemental submission and filed motions seeking, among other things, renewal and/or reconsideration of the November 2024 order. Respondent, in turn, filed a supplemental motion to dismiss in which he argued that the challenge to the determination [*2]regarding the first report had been rendered moot by the administrative reversal of that determination. Petitioner opposed that relief and moved to vacate the November 2024 order. Supreme Court thereafter issued an order, entered in April 2025, which denied all of the relief sought by petitioner, dismissed his challenge to the determination regarding the first report as moot, and directed respondent to file an answer with the administrative record regarding the determination of guilt of the charges in the second report as well as a proposed order of transfer. Respondent did so, and Supreme Court transferred the matter to this Court.[FN2]
We confirm. With regard to petitioner's legal papers claim, although he styled it as a demand for respondent to "replace" papers that were purportedly lost during the cell frisk, his brief leaves no doubt that he is primarily "seek[ing] money damages" for the loss. Accordingly, even assuming that Supreme Court erred in concluding that petitioner had not exhausted his administrative remedies before asserting that claim, we agree that the "claim properly is the subject of a Court of Claims action and may not be raised in the context of the instant CPLR article 78 proceeding" (Matter of Raqiyb v Goord, 28 AD3d 892, 893 [3d Dept 2006]; see Matter of Tucci v Selsky, 94 AD3d 1294, 1295 [3d Dept 2012]; see generally Wright v State of New York, 192 AD3d 1277, 1277 [3d Dept 2021]). In so doing, we reject petitioner's argument that the damages for the allegedly lost papers are incidental to his separate challenge to the determination finding him guilty of the charges in the second report such that the requested damages may be awarded in the context of this CPLR article 78 proceeding (see CPLR 7806; Matter of Shanholtzer v Selsky, 291 AD2d 588, 589-590 [3d Dept 2002], lv denied 98 NY2d 607 [2002]).
Turning to that determination, the misbehavior report and related documentation, video evidence depicting the hallway outside of petitioner's cell during the frisk and showing both portions of the frisk and a correction officer exiting the cell with the marked-up facility memorandum, and the admissions of petitioner that he had a copy of the memorandum and a red marker in his cell, provide substantial evidence to support the determination of guilt (see Matter of Shaw v Martuscello, 243 AD3d 1095, 1096 [3d Dept 2025]; Matter of Fareedullah v Fischer, 64 AD3d 1024, 1025 [3d Dept 2009], lv denied 13 NY3d 713 [2009]).[FN3] Petitioner's denial of the charges created a credibility issue that the Hearing Officer could, and did, resolve against him (see Matter of Vicente v New York State Dept. of Corr. & Community Supervision, 107 AD3d 1203, 1203-1204 [3d Dept 2013]; Matter of Fareedullah v Fischer, 64 AD3d at 1026). Further, the fact that the threats were never communicated to the individuals "against whom [they were] directed is of no consequence" (Matter of Sorrentino v Annucci, 197 AD3d 1486, 1486 [3d Dept 2021], lv denied 38 NY3d 905 [2022[*3]]; see 7 NYCRR 270.2 [B] [3] [i]; [5] [ii]; Matter of Griswold v Goord, 39 AD3d 908, 909 [3d Dept 2007]). Notwithstanding petitioner's additional contention, the administrative reversal of the determination finding him guilty of the charges in the first report had no impact upon the determination finding him guilty of the separate and distinct conduct that led to the charges in the second report (see Matter of Davis v Annucci, 210 AD3d 1166, 1168 [3d Dept 2022], lv denied 39 NY3d 910 [2023]; Matter of Strauss v Venettozzi, 186 AD3d 1862, 1863 [3d Dept 2020]; Matter of Calcaterra v Fischer, 73 AD3d 1370, 1371 [3d Dept 2010]).
Petitioner's remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Aarons, Pritzker and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: The engaging in violent conduct charge was brought under prison disciplinary rule 104.11, which prohibits an incarcerated individual from engaging in violent conduct or "conduct involving the threat of violence" (7 NYCRR 270.2 [B] [5] [ii]).

Footnote 2: Although petitioner filed a notice of appeal from the April 2025 order, he could not appeal as of right from that order and did not obtain permission to do so (see CPLR 5701 [b] [1]; [c]). Nevertheless, because that order "did 'not terminate the [entire] proceeding,' the entire matter was required to be transferred to this Court for disposition," and the issues resolved in the April 2025 order are properly before us (Matter of Rossi v Portuondo, 275 AD2d 823, 823 [3d Dept 2000], lv denied 96 NY2d 703 [2001], quoting CPLR 7804 [g]; see Matter of Chavis v Goord, 8 AD3d 786, 787 [3d Dept 2004]; Matter of Desmone v Blum, 99 AD2d 170, 176-177 [2d Dept 1984]).
Footnote 3: As the copy of the video provided to this Court by respondent appears consistent with the extensive, on-the-record discussion of what the Hearing Officer and petitioner saw when they viewed it during the hearing, we reject petitioner's speculation that it was tampered with in some way (see Matter of Majid v Selsky, 272 AD2d 700, 701 [3d Dept 2000]).