Govind S. MUDHOLKAR,
Plaintiff–Appellant,

v.

UNIVERSITY OF ROCHESTER,
Defendant–Appellee.

No. 06–4732–cv.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2008.

Theodore S. Kantor, Bilgore, Reich, Levine & Kantor, Rochester, NY, for Plaintiff–Appellant.

Jill K. Schultz, Piper Schultz LLP, Rochester, NY, for Defendant–Appellant.

PRESENT: Hon. AMALYA L. KEARSE and Hon. PETER W. HALL, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

Appellant appeals from the September 27, 2006, 2006 WL 2792281, decision and order of the district court dismissing his complaint as barred by claim preclusion, as time-barred, and for failure to state a claim. We assume the parties' familiarity with the facts and proceedings below.

We review de novo the district court's decisions as to claim preclusion, the statute of limitations, and dismissal for failure to state a claim. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("We review a district court's dismissal of a complaint pursuant to Fed. R.Civ.P. 12(b)(6) de novo, accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor."); *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir.2005) (per curiam) ("We review *de novo* the district court's application of the principles of *res judicata.*"); *United States v. Domino Sugar Corp.*, 349 F.3d 84, 86 (2d Cir.2003) (noting that where the facts as to the timing of the alleged occurrences are not in issue, application of the statute of limitations is a question of law to be reviewed de novo).

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Claims are precluded, even if not raised in the prior action, if "the party against whom the doctrine is asserted had a full and fair opportunity to litigate" them at that time. *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir.2007).

■ The district court correctly found that Appellant's complaint, asserting that Appellee discriminated against Appellant on the basis of his race, ethnicity, national origin, color, and age in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the Age Discrimination in Employment Act, and the Equal Pay Act, was precluded by the judgment entered in a separate lawsuit that Appellant filed against Appellee in the federal district court (W.D.N.Y., Telesca, *J.*) in 1997. Allegations challenging the continuing disparate effects of discriminatory conduct that has been previously alleged do not constitute allegations of a new violations. *See Ledbetter v. Goodyear Tire & Rubber Co.,* —— U.S. ——, 127 S.Ct. 2162, 2168, 167 L.Ed.2d 982 (2007). Because a claim that a defendant has engaged in a forbidden employment practice that denies an employee equal pay accrues when the practice is initiated, *see id.* at 2167, the adjudication of that claim forecloses a later claim challenging the effects of that practice. Here, as the district court noted, "the current Complaint is virtually identical to the complaint filed in this Court in 1997," except for the new allegations in paragraphs 14 and 22. Those new paragraphs do not assert a new claim. The current Complaint having alleged in paragraph 13 that Mudholkar "has *consistently* been paid less salary" (emphasis added), paragraph 14 simply states, without alleging any new facts, that the present complaint "focuses" on the period beginning May 2004. And paragraph 22 alleges that the wage inequity has "continue[d]." Thus, as the district court noted, every claim in the complaint—with the exception of the Equal Pay Act claim, which fails for other reasons discussed below—was raised and resolved in the prior action. "Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when a defendant raises claim preclusion ... as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l,* 231 F.3d 82, 86 (2d Cir.2000). Though Appellant argues that Paragraph 14 of his complaint, which was filed in January 2006, focuses his claims on events that had occurred since May 2004, long after the judgment dismissing his 1997 lawsuit, the complaint fails to allege a single event or transaction during that period. Appellant's reliance on a June 2004 pay reduction also fails. Although Appellant raised the pay reduction in his opposition to Appellee's motion to dismiss, he failed to allege it in his complaint. Nor does the alleged 2004 grievance committee report alter the conclusion. Although the report might be relevant evidence of past discrimination, the complaint itself contains no new factual allegations that were not resolved in the 1997 lawsuit, and thus "from the face of the complaint" it is clear that Appellant's claims are barred by claim preclusion. Were we to look beyond the complaint, we would find in the record only a grievance committee report issued in 2002; that report, of course, does not even fall within the window (roughly May 2004 well into 2006) on which the complaint purports to focus. And to the extent that Appellant has adduced any facts occurring since 1997, those facts "do not, either by themselves or to any degree not already demonstrated by the overlapping facts, establish" a claim. *Waldman v. Vill. of Kiryas Joel,* 207 F.3d 105, 113 (2d Cir.2000).

■ We also affirm the district court's finding that Appellant's Title VII claims were time-barred. "In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimi-

nation with the EEOC is 300 days." *Butts v. City of N.Y. Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993) (citing 42 U.S.C. § 2000e–5(e)), *superceded by statute on other grounds*, Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1072. Although Appellant argues that because he initially filed his complaint with the New York State Division of Human Rights ("DHR") he is subject to New York State's one-year statute of limitations, N.Y. Exec. Law § 297(5), his argument reflects a misunderstanding of the worksharing agreement between the Equal Employment Opportunity Commission ("EEOC") and the DHR. New York State's one-year statute of limitations applies to *state* claims filed with the DHR. The 300–day statute of limitations applies to *Title VI* claims filed with the EEOC through the DHR, its agent. Filing the federal claim through the agent (DHR) rather than directly with the EEOC does not change the statutory requirement that the claim be filed within 300 days. Given this 300–day statute of limitations, Appellant's claim is time-barred because his complaint alleges no "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), occurring within 300 days of his complaint. Even if Appellant's claim is framed as a hostile work environment claim, which would involve an ongoing course of conduct over "a series of days or perhaps years," *id.* at 115, 122 S.Ct. 2061, he has failed to "file a charge within 180 or 300 days of *any act* that is part of the hostile work environment," *id.* at 118, 122 S.Ct. 2061 (emphasis added).

■ The district court also correctly dismissed Appellant's Equal Pay Act claim for failure to state a claim. By its terms, the Equal Pay Act states that "[n]o employer having employees subject to any provisions of this section shall discriminate ... between employees on the basis of sex." 29 U.S.C. § 206(d)(1). Appellant admittedly raises no sex discrimination claims in his Complaint or supporting documentation, instead arguing for "the expansion of existing law and/or the establishment of new law" because racial, ethnic, and age discrimination are "no less reprehensible" than sex discrimination. Courts generally give statutory text its "ordinary, contemporary, common meaning," *Williams v. Taylor*, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (internal quotation marks omitted), and "[o]ur inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent,'" *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (quoting *United States v. Ron Pair Enters.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). The Equal Pay Act is unambiguous in limiting its application to discrimination on the basis of sex, and that limitation does not render the broader statutory scheme incoherent. Given the clarity of the statute, the district court was correct in dismissing Appellant's Equal Pay Act claim for failure to state a claim. The assertion of an Equal Pay Act claim in a complaint that did not allege sex discrimination in any fashion was frivolous, as is the appeal of the district court's dismissal of that claim. Mudholkar and his attorney, Mr. Kantor, are warned that the pursuit of such frivolous claims in the future may expose them to sanctions. *See, e.g.*, Fed.R.Civ.P. 11; Fed. R.App. P. 38; 28 U.S.C. § 1927.

We have considered all of Appellant's claims and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.