15-2308-cv
*EMI Blackwood Music, Inc. v. KTS Karaoke, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*,
> TIMOTHY C. STANCEU,
> *Judge*.[*]

_____

EMI BLACKWOOD MUSIC INC., EMI APRIL MUSIC INC., COLGEMS-EMI MUSIC INC., EMI GOLD HORIZON MUSIC CORP., EMI U CATALOG INC., EMI UNART CATALOG INC., JOBETE MUSIC CO., INC., STONE DIAMOND MUSIC CORPORATION,

> *Plaintiffs-Appellees*,

> v.                                                     15-2308-cv

KTS KARAOKE, INC. DBA KTSKARAOKE.COM, TIMMY SUN TON,

> *Defendants-Appellants*.[†]

_____

---

[*] The Honorable Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

[†] The Clerk of Court is directed to modify caption as above.

For Plaintiffs-Appellees:                    Donald S. Zakarin and Ross M. Bagley, Pryor Cashman LLP, New York, N.Y.


For Defendants-Appellants:                   Sujit P. Soni, The Soni Law Firm, Pasadena, CA


Defendants-Appellants appeal from an order in the United States District Court for the Southern District of New York (Stanton, *J.*) entered on June 30, 2015.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiffs-Appellees EMI Blackwood Music Inc., EMI April Music Inc., Colgems-EMI Music Inc., EMI Gold Horizon Music Corp., EMI U Catalog Inc., EMI Unart Catalog Inc., Jobete Music Co., Inc., and Stone Diamond Music Corporation (together, "EMI") are music publishers that own or administer the copyrights or exclusive rights under copyright of numerous musical compositions.

On February 1, 2013, EMI commenced a copyright infringement action in the United States District Court for the Southern District of New York (Stanton, *J.*) against, among others, Defendants-Appellants KTS Karaoke, Inc., a company that distributes and sells karaoke-related products and equipment, and Timmy Sun Ton, the president of that company (together, "KTS"). In the complaint, EMI alleged that KTS had distributed, without a license, karaoke recordings of certain musical compositions to which EMI owned the copyright.

Following briefing of KTS's motion to dismiss, EMI reached a settlement agreement with KTS's insurance carrier. In that agreement, KTS's insurance carrier agreed to pay EMI more than $1 million, and EMI agreed to a dismissal with prejudice of the claims against KTS. The district court entered an order dismissing the claims, and the court incorporated a provision from the settlement agreement stipulating that the claims be reinstated before the district court if the payment was not timely performed as outlined in the agreement.

2

On May 27, 2015, the remaining defendants were voluntarily dismissed from the case pursuant to a separate settlement agreement. Following this dismissal, on June 11, 2015, KTS filed a motion seeking attorneys' fees, contending that it was the "prevailing party" under 17 U.S.C. § 505. KTS sought $232,959.50 in attorneys' fees and $23,736.38 in costs. EMI opposed the motion, arguing, inter alia, that KTS was in no way a prevailing party in this case, particularly since the district court had never issued a decision on the merits of the dispute.

On June 30, 2015, the district court denied KTS's motion. In a handwritten memorandum endorsement, the district court explained that "these defendants obtained no ruling in their favor on the merits of the action." Joint App'x 1030. The district court further explained that "[r]egardless of the form of its termination," the dispute would not have been resolved without KTS's settlement payment of more than $1 million. *Id.* To that end, "they cannot rationally be viewed as prevailing parties." *Id.* This appeal followed.

## I. Discussion

On appeal, KTS argues that the dismissal with prejudice entitles it to an award of attorneys' fees as the prevailing party in the litigation. It further argues that the district court abused its discretion because its denial of KTS's motion was based on an erroneous determination of law because the dismissal itself constituted a ruling in favor of KTS.

We review a district court's decision whether to award attorneys' fees under the Copyright Act for abuse of discretion. *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001). "Where, as here, an appellant contends that the district court committed an error of law in ruling on an award of attorney's fees, we review that ruling de novo." *Roberson v. Giuliani*, 346 F.3d 75, 78 (2d Cir. 2003).

3

The Copyright Act provides that a district court, in its discretion, "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "[A] district court determining whether to exercise its discretion to award fees under the Copyright Act 'may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence.'" *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015) (quoting *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).

At issue here is whether KTS can be understood as a "prevailing party" under the statute. We have explained that a "prevailing party" in a fee-shifting statute is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). Not only must the party seeking fees "achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." *Roberson*, 346 F.3d at 79. A settlement agreement might bear such a "judicial imprimatur," in certain circumstances. *Id*. at 82-83.

Assuming that the settlement agreement here both materially altered the legal relationship between the parties and bore such a judicial imprimatur, we cannot find that KTS was a prevailing party. After all, the settlement only effected this shift in the parties' legal relationship upon KTS's insurer's payment of more than $1 million to EMI. It is thus EMI that could be said to have attained a favorable result. This Court has been offered no support for KTS's assertion that simply "a dismissal with prejudice constitutes a decision on the merits in favor of the defendant." Appellants' Br. 15-16. KTS points to our decision in *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) as authority. But this

4

case stands instead for the proposition that "[a] voluntary dismissal with prejudice is an adjudication on the merits *for purposes of res judicata*." *Id.* (emphasis added). That does not mean that a voluntary dismissal with prejudice, pursuant to a settlement agreement, renders a defendant a prevailing party in a copyright action for purposes of attorneys' fees when, as here, said defendant's insurer has paid substantial sums to achieve this result. The district court acted well within its discretion to deny this request for fees.

## II.    Conclusion

We have considered KTS's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk