■ DAN GROPPER, Respondent, v 200 FIFTH OWNER LLC et al., Appellants. [58 NYS3d 42]—

Orders, Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 14, 2016, which denied defendants' motions to dismiss the complaint, unanimously reversed, on the law, without costs, the motions granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff's state claims are barred by the doctrine of res judicata (regardless of whether the state or federal tests are applied), as he agreed to a dismissal with prejudice of the prior federal action alleging the same state claims (*see EDP Med. Computer Sys., Inc. v United States*, 480 F3d 621, 624 [2d Cir 2007]; *Insurance Co. of State of Pa. v HSBC Bank USA*, 10 NY3d 32, 38 n 3 [2008]; *see also Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]; *Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 5-6 [1st Dept 2000]). Plaintiff sought a voluntary dismissal on the eve of trial. The federal court noted that there had been a year of litigation prior to dismissal, including motions and depositions. A voluntary dismissal with prejudice is an adjudication on the merits for res judicata purposes (*EMI Blackwood Music Inc. v KTS Karaoke, Inc.*, 655 Fed Appx 37, 40 [2d Cir 2016]; *Carter v Incorporated Vil. of Ocean Beach*, 759 F3d 159, 165-166 [2d Cir 2014]; *see also Nemaizer v Baker*, 793 F2d 58, 60-61 [2d Cir 1986]). "Res judicata does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim" (*EDP Med. Computer Sys.*, 480 F3d at 626 [emphasis omitted]).

Plaintiff purports to allege "new" claims in the instant state action that consist of "continuing violations" of the state disability discrimination claims alleged in federal court (*see e.g.* Executive Law § 296 [2]; Administrative Code of City of NY § 8-107 [4]). The state complaint alleges that defendants "continue" to discriminate against the disabled, such as by locking a wheelchair accessible door on an unspecified date. Such allegations do not constitute a new claim (*Mudholkar v University of Rochester*, 261 Fed Appx 320, 322 [2d Cir 2008], *cert denied* 553 US 1080 [2008]); rather, they are merely "ad-

ditional instances of what was previously asserted," which he had a full and fair opportunity to litigate (*Waldman v Village of Kiryas Joel*, 207 F3d 105, 113 [2d Cir 2000]).

The state complaint also contains "new" allegations regarding issues of accessibility to and in the rooftop restaurant. Plaintiff was aware of such issues during the federal action, and could have raised them in the federal action.

Finally, the federal court gave plaintiff an opportunity to seek attorney's fees as a prevailing party under a "catalyst" theory under the New York City Human Rights Law (Administrative Code § 8-502 [g]), but plaintiff chose to forgo that opportunity. He cannot now pursue a separate cause of action solely for such fees (*Burke v Crosson*, 85 NY2d 10, 17-18 [1995]; *La Porta v Alacra, Inc.*, 142 AD3d 851, 853 [1st Dept 2016]).

Accordingly, the complaint should have been dismissed in its entirety. Concur—Friedman, J.P., Webber, Gesmer and Kern, JJ.