Emmons v Broome County (2020 NY Slip Op 01236)





Emmons v Broome County


2020 NY Slip Op 01236


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528995

[*1]Lorraine Emmons, Respondent,
v
Broome County, Appellant.

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Robert G. Behnke, County Attorney, Binghamton, for appellant.
Douglas Walter Drazen, Binghamton, for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Cerio Jr., J.), entered April 8, 2019 in Broome County, which, among other things, denied defendant's motion to dismiss the complaint.
In January 2012, plaintiff was hired by defendant as the Executive Assistant to the Broome County Executive. On September 30, 2013, plaintiff suffered a heart attack and began a short medical leave of absence, returning to work on October 15, 2013 while continuing rehabilitation for a 12-week period. On December 16, 2013, upon arriving at work, plaintiff discovered that her office had been cleaned out and her belongings had been moved to the receptionist desk. Although plaintiff considered this move to be a demotion, her job title, salary and benefits remained the same. Plaintiff took a week-long vacation and, on December 29, 2013, the day before her scheduled return to work, her employment was terminated. Plaintiff filed a charge of disability discrimination regarding her termination with the Equal Employment Opportunity Commission (hereinafter the EEOC) on February 6, 2014. Plaintiff submitted an additional charge to the EEOC on May 12, 2014 in which she claimed that, in retaliation for her initial charge, the County Executive released a public statement that she had been fired due to poor work performance. Defendant received notification of the charges on February 24, 2014 and May 16, 2014, respectively.
In May 2015, the EEOC issued a final determination in plaintiff's favor, finding that she had been discriminated against due to her disability and that defendant had retaliated against her after her complaint to the EEOC in February 2014. At the EEOC's suggestion, the parties engaged in a conciliation process, which proved unsuccessful. In September 2016, plaintiff commenced an action against defendant in the US District Court for the Northern District of New York. In her complaint, plaintiff alleged federal causes of action for disability discrimination and retaliation under the Americans with Disabilities Act (hereinafter the ADA), as well as state-based causes of action for disability discrimination and retaliation under the Human Rights Law (hereinafter the HRL).
In May 2018, the District Court (Hurd, J.) granted defendant's motion for summary judgment dismissing plaintiff's ADA claims. The court concluded that, with respect to plaintiff's disability discrimination claim, "no rational jury could conclude that [plaintiff's] heart condition played a motivating factor in [defendant's] decision to terminate her, that defendant's explanation for her termination was pretextual, or that this explanation was a pretext for discrimination, either based on plaintiff's heart condition or on defendant's perception of plaintiff's heart condition" (Emmons v Broome County, 2018 WL 2364286, *7, 2018 US Dist LEXIS 87191, *17 [ND NY, May 24, 2018, No. 3:16-CV-1114). With regard to plaintiff's retaliation claim, the District Court concluded that "no fact finder could credit plaintiff's account of these events and then reasonably conclude a retaliatory motive was the but-for cause of [the Executive Director's] issuance of a public statement" (id. at *8). The District Court declined to exercise supplemental jurisdiction over plaintiff's HRL claims and dismissed those claims without prejudice. In so doing, the court adhered to the precedent that federal courts should decline to exercise supplemental jurisdiction over state law claims when federal claims before it will be dismissed before trial. In dismissing plaintiff's HRL claims without prejudice, the court stated that "plaintiff remains free to test the merits of those theories in a state forum using her analogous state law claims" (id.). Plaintiff did not appeal from that judgment.
In November 2019, plaintiff commenced the instant action, alleging claims under the HRL that were analogous to the ADA claims made in her federal court complaint, namely, disability discrimination and retaliation for the EEOC charge. Defendant moved to dismiss the complaint, arguing, among other things, that plaintiff failed to serve defendant with a notice of claim as required by County Law § 52, and that her claims were barred by collateral estoppel and res judicata. Plaintiff cross-moved seeking, among other relief, disqualification of the County Attorney's office as counsel for defendant. Supreme Court denied defendant's motion to dismiss, finding that, although plaintiff had not filed a notice of claim as required by County Law § 52, the EEOC charge, a copy of which plaintiff had timely filed with defendant, comported substantially with the notice of claim requirements. The court further concluded that plaintiff's HRL claims were not barred by principles of res judicata and collateral estoppel, relying upon the District Court's statement, in dismissing the HRL claims, that "plaintiff remains free to test the merits of those [discrimination and retaliation] theories in a state forum using her analogous state law claims" (Emmons v Broome County, 2018 WL 2364286 at *8). The court partially granted plaintiff's cross motion for disqualification. Defendant appeals.
On appeal, defendant contends, among other things, that Supreme Court erred in denying its motion to dismiss and in ruling that plaintiff's HRL claims were not barred by principles of res judicata and collateral estoppel. Defendant maintains that the legal standards for an ADA claim and an HRL claim are the same, and that plaintiff failed to appeal the dismissal of her federal ADA claims and, thus, the HRL claims are precluded. We agree.
"Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015] [internal quotation marks and citations omitted]). This doctrine "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). "Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims" (Williams v New York City Tr. Auth., 171 AD3d 990, 991-992 [2019] [internal quotation marks and citations omitted]). Thus, where, as here, a federal court dismisses federal claims but declines to exercise supplemental jurisdiction over analogous state law claims, the federal determination may be dispositive of the state claims based upon principles of collateral estoppel (see id.; Milione v City Univ. of N.Y., 153 AD3d 807, 808-809 [2017], lv denied 30 NY3d 907 [2017], cert denied ___ US ___, 138 S Ct 2027 [2018]; Clifford v County of Rockland, 140 AD3d 1108, 1110 [2016], lv denied 28 NY3d 906 [2016]). The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate (see Matter of Dunn, 24 NY3d 699, 704 [2015]). Further, under settled law, "an order entered on a motion for summary judgment constitutes a disposition on the merits and, accordingly, is entitled to preclusive effect for purposes of res judicata or collateral estoppel" (Bardi v Warren County Sheriff's Dept., 260 AD2d 763, 765 [1999]). Accordingly, the District Court's dismissal of plaintiff's ADA claims was a final judgment on the merits (see Kinsman v Turetsky, 21 AD3d 1246, 1246-1247 [2005], lv denied 6 NY3d 702 [2005]).
In dismissing plaintiff's federal claims, the District Court expressly found, and we agree, that plaintiff's HRL claims are based upon the same theories as the ADA claims. The court further concluded, on the merits of the federal claims, that "[plaintiff] has failed to establish that [defendant] terminated her because of her disability, and has failed to demonstrate that [the County Executive's] public statement was issued in retaliation for her administrative complaint" (Emmons v Broome County, 2018 WL 2364286 at *8). Upon review, we find that defendant demonstrated that the issues raised in the federal action, with one exception, are identical to those raised here. That exception is plaintiff's assertion — raised in this action for the first time — that defendant's failure to contest her receipt of unemployment benefits precludes it from arguing that she was discharged for cause. Other than this claim, the issues raised in this action were actually litigated and necessarily decided in the federal action, and the factual determinations made by the District Court are determinative of plaintiff's HRL claims. Further, plaintiff has not demonstrated the absence of a full and fair opportunity to litigate the issues in the prior action, from which judgment she did not appeal (see Conason v Megan Holding, LLC, 25 NY3d at 17; Matter of Dunn, 24 NY3d at 704; Williams v New York City Tr. Auth., 171 AD3d at 991-992). Thus, the doctrine of collateral estoppel precludes plaintiff from relitigating the claims that she previously raised and that were decided in the federal action.
Collateral estoppel does not preclude plaintiff from raising the issue of her receipt of unemployment benefits because it was not litigated or decided in the prior action (see Matter of Tucci v Ambach, 110 AD2d 1014, 1015 [1985]). However, the doctrine of res judicata, which bars the relitigation of "a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter[,]
. . . applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (Matter of Hunter, 4 NY3d 260, 269 [2005]; see Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d 1161, 1162-1163 [2012]; Kinsman v Turetsky, 21 AD3d at 1246-1247). Thus, "[r]es judicata will bar litigation of a claim that was either raised, or could have been raised, in a prior [action] provided that the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits" (Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d at 1162-1163 [internal quotation marks and citation omitted]; see Hitchcock v Rourke, 130 AD3d 1111, 1112 [2015]). Plaintiff's unemployment insurance claim could have been raised in the prior action, and plaintiff has not shown that she did not have a full and fair opportunity to raise it. Thus, the doctrine of res judicata precludes her from litigating that claim here (see Bernstein v State of New York, 129 AD3d 1358, 1359-1360 [2015]; Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d at 1163-1164).
We therefore find that plaintiff is barred by principles of collateral estoppel and res judicata from bringing the claims in this action. Accordingly, defendant's motion to dismiss this action should have been granted. In light of this conclusion, the parties' remaining contentions need not be addressed.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion; said motion granted and complaint dismissed; and, as so modified, affirmed.