Wiltz v New York City (2021 NY Slip Op 00646)





Wiltz v New York City


2021 NY Slip Op 00646


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 0260201/19 Appeal No. 13051 Case No. 2020-00061 

[*1]Randall Wiltz, Plaintiff-Appellant,
v
New York City, et al., Defendants-Respondents,


Randall Wiltz, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 9, 2019, which denied plaintiff's motion to vacate an order dismissing the complaint for failure to appear at a conference, unanimously affirmed, without costs.
While it is undisputed that plaintiff had a reasonable excuse for not appearing at a status conference, he cannot show a meritorious cause of action, as required to vacate his default, because his claims are barred by the doctrines of res judicata and collateral estoppel (see Bikman v 595 Broadway Assoc., 88 AD3d 455 [1st Dept 2011], lv denied 21 NY3d 856 [2013]). Plaintiff's federal claims against the City of New York and the State of New York, under 42 USC §§ 1981, 1983, 1985, and 1986, were previously litigated and decided on the merits in federal court (Wiltz v New York Univ., 2019 WL 721658, 2019 US Dist LEXIS 17711 [SD NY 2019], report and recommendation adopted 2019 WL 720700, 2019 US Dist LEXIS 26958 [SD NY 2019]). His claims under the New York State and City Human Rights Laws (HRL) are barred by res judicata, because he had a full and fair opportunity to litigate these claims in his federal action, where he brought virtually identical claims under the Americans with Disabilities Act of 1990 (ADA) (see Gropper v 200 Fifth Owner LLC, 151 AD3d 635 [1st Dept 2017]). These claims are also barred by collateral estoppel, because the federal court addressed the issues raised in the State HRL claims in rendering its decision on the ADA claims (see Emmons v Broome County, 180 AD3d 1213 [3d Dept 2020] [finding HRL claims barred by collateral estoppel because based upon same theories as ADA claims raised in prior federal action]; see also Pimentel v Citibank, N.A., 29 AD3d 141, 147 n 2 [1st Dept 2006], lv denied 7 NY3d 707 [2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021