Congregation Machne Ger v Berliner (2022 NY Slip Op 00483)





Congregation Machne Ger v Berliner


2022 NY Slip Op 00483


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

531627
[*1]Congregation Machne Ger et al., Appellants,
v
Dovid Berliner, Also Known as David Mendel Berliner, et al., Respondents.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Cullen and Dykman LLP, Albany (Christopher E. Buckey of counsel), for appellants.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Robert A. Spolzino of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Schick, J.), entered June 25, 2020 in Sullivan County, which granted defendants' motion for, among other things, dismissal of the amended complaint.
Plaintiffs David Olewski, Yehuda Cohen and Izadore Danziger (hereinafter collectively referred to as the individual plaintiffs) claim to be the board of directors of plaintiff Congregation Machne Ger (hereinafter the Congregation), a religious corporation. Defendants Dovid Berliner, Isaac Birnhack and Abraham Abromovits also claim to be the rightful board of directors. The immediate cause of the dispute between these two factions was plaintiffs' attempt to remove Berliner, who also purports to be president of the board of directors, from his position as the chief administrator of a summer camp run by the Congregation. The preeminent and underlying dispute, however, is the question of which faction should control the board of the Congregation, a dispute that revolves around three different board election events, stretching from 1972 to the present.
In 1972, the Congregation was formed with six board members, three of whom are the individual plaintiffs. Only one of the individual plaintiffs, Cohen, is living.[FN1] In 2017, a purported election was held at which defendants claim that they were elected members of the board of directors (hereinafter the 2017 election). In 2019, another election was purportedly held at which plaintiffs claim that they were elected members of the board of directors (hereinafter the 2019 election). Shortly after learning of the 2019 election, defendants commenced a CPLR article 78 proceeding in Kings County before Supreme Court (Sweeney, J.) for, among other things, a declaration that the 2019 election was a nullity. Supreme Court granted the petition "to the sole extent that it [sought] to invalidate any election or elections which may have occurred [in] . . . 2019 during a [s]pecial [m]eeting held by [the individual plaintiffs]."
On the same day that the Kings County proceeding was commenced, plaintiffs commenced this action in Sullivan County, claiming that the 2017 election was a sham and invalid and that the individual plaintiffs, as board members listed in the original 1972 certificate of incorporation, were and remain the "de facto and de jure" current board of directors, and seeking a declaration to said effect. Defendants answered the amended complaint, raising, among other things, an affirmative defense of statute of limitations. In addition, by separate motions, defendants sought, among other things, to bar plaintiffs from entering the camp and for dismissal of the amended complaint pursuant to CPLR 3211 (a) (1), (2), (3) and (5). Supreme Court (Schick, J.) found that, as a result of the decision in the Kings County proceeding, plaintiffs were collaterally estopped from challenging the validity of the 2017 election, and that defendants should retain their positions until a new election is held or a new board [*2]is appointed and qualified. The court also determined that plaintiffs' challenge to the validity of the 2017 election was barred by the statute of limitations. Plaintiffs appeal, and we reverse.
Plaintiffs maintain that Supreme Court erred in finding that the instant action — which, in essence, challenges the validity of the 2017 election of defendants — is barred by the doctrine of collateral estoppel in view of the decision in the Kings County proceeding. Plaintiffs reason that the sole issue before that court was the validity of the 2019 election of plaintiffs, an election that is not even at issue in this action — which calls only the 2017 election into question — and therefore there is no identity of issues in the two matters. We agree.
In order for the doctrine of collateral estoppel to apply, four conditions must be met: "(1) the issues in both [actions or] proceedings are identical, (2) the issue in the prior [action or] proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior [action or] proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015] [internal quotation marks and citation omitted]; see CitiMortgage, Inc v Ramirez, 192 AD3d 70, 72 [2020]; Rojas v Romanoff, 186 AD3d 103, 108-109 [2020]). "The party seeking to invoke [the doctrine] has the burden of showing the identity of issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" the issue at play (Emmons v Broome County, 180 AD3d 1213, 1216 [2020]; see Wen Mei Lu v Wen Ying Gamba, 158 AD3d 1032, 1035 [2018]). Here, defendants failed to make the threshold showing of the identity of issues in the two matters and, therefore, their attempt to apply the preclusive effect of collateral estoppel fails as a matter of law (see Emmons v Broome County, 180 AD3d at 1216).
As defendants' amended petition and the order of Supreme Court (Sweeney, J.) in the Kings County proceeding reflect, the issue to be determined therein was the validity of the 2019 election, not the validity of the 2017 election. Defendants sought in that proceeding to declare the 2019 election a nullity and, as a result, enjoin the individual plaintiffs, purportedly elected in 2019, from acting as the board of directors. Indeed, the court went out of its way during oral argument in that matter to so limit the issue when it stated that it "want[ed] to be very clear that [it was] making no determination in this case as to whether [defendants] have any right to control the corporation by virtue of any acts that predated the [June 2019 election.]" The court further clarified "that [it] take[s] no position on the validity of any actions that [defendants] claim[] to have taken in 2017 and thereafter," and added that the allegations relating to the 2017 election was part of[*3]"[t]he Sullivan County matter" which "is not before [it]," and that the proceeding "has nothing to do with the Sullivan County matter." More importantly, the order signed by the court was so circumscribed, and granted the amended petition "to the sole extent that it [sought] to invalidate" the 2019 election. Significantly, the order did not remove or enjoin those then in control of the board of directors — the individual plaintiffs herein — from acting on behalf of the Congregation. The court clearly did not pass upon or even address the bona fides of the 2017 election; indeed, it could reasonably be argued that the court implicitly made a contrary ruling by leaving plaintiffs' board in place, despite having found the 2019 election to be invalid. In contrast, in the instant matter, plaintiffs place no reliance upon the 2019 election; rather, the issue of the bona fides of the 2017 election is front and center and plaintiffs base their claims of board control on the original 1972 formation of the board — which included the individual plaintiffs — and the contention that the 2017 election of defendants does not pass muster. As defendants failed to meet their burden of demonstrating the identity of issues as between this action and the Kings County proceeding, the doctrine of collateral estoppel does not apply (see Emmons v Broome County, 180 AD3d at 1216).
Defendants also maintain that plaintiffs are precluded from challenging the validity of the 2017 election because, having raised the issue of the 2017 election in a counterclaim in the Kings County proceeding, they could have litigated the bona fides of the 2017 election there, but chose not to do so. This argument is in the nature of res judicata rather than collateral estoppel and, as such, defendants are foreclosed from raising it here for two reasons. First, any claim by defendants of res judicata is being raised for the first time on appeal and is therefore unpreserved for our review (see LaBuda v LaBuda, 175 AD3d 39, 44 [2019]; Krol v Yager-Krol, 145 AD3d 1249, 1250 n [2016]). Second, as counsel for both parties agreed, any claim by plaintiffs in the Kings County proceeding that the 2017 election was invalid would be in the nature of a permissive counterclaim, not subject to preclusion on the basis of res judicata (see Caracaus v Conifer Cent. Sq. Assoc., 158 AD3d 63, 71 [2017]; Rackowski v Araya, 152 AD3d 834, 835-836 [2017]; Classic Autos v Oxford Resources Corp., 204 AD2d 209, 209 [1994]).
Supreme Court (Schick, J.) also erred in finding that this action is barred by the statute of limitations because the 2017 election took place over two years before this action was commenced. The parties agree that the applicable limitations period for an action or proceeding brought against corporate officers, such as the instant case, is four months after the determination to be reviewed becomes final and binding (see CPLR 217; Matter of O'Neill v Pfau, 23 NY3d 993, 995 [2014]; Matter of [*4]Duffy v Town of Guilderland, 186 AD3d 1856, 1857 [2020], lv denied 36 NY3d 905 [2021]). The 2017 election allegedly took place well over four months before the instant action was commenced in June 2019. However, the statute of limitations did not begin to run until notice of the election was provided to plaintiffs or, in the event that no notice was provided, as soon as plaintiffs knew or should have known that they were "aggrieved by the determination" (Valyrakis v 346 W. 48th Street Hous. Dev. Fund Corp., 161 AD3d 404, 405 [2018]; see National Church of God of Brooklyn, Inc. v Carrington, 56 Misc 3d 1215[A], 2017 NY Slip Op 51007[U], *6 [Sup Ct, Kings County 2017]). Here, plaintiffs have adduced evidence indicating that the alleged 2017 election was not held at the time and place that defendants claim it occurred, if it was held at all, and that no notice of the meeting, or its results, was ever provided to plaintiffs, either before the meeting began or after the vote was held. Thus, plaintiffs contend, they first learned of the 2017 election on the day that the Kings County proceeding was commenced — June 27, 2019. This action was filed on the same day, well within any applicable statute of limitations. As plaintiffs have, at the least, raised an issue of fact with respect to their knowledge of the 2017 election within the limitations period, Supreme Court erred in dismissing the amended complaint on statute of limitations grounds. We have reviewed the remaining contentions raised and find them to be without merit.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1: One of the individual plaintiffs, Olewski, passed away prior to this appeal and, shortly before oral argument, this Court was advised by defendants' counsel that Danziger had passed away. As a result, defendants sought a stay of this appeal pending substitution of a legal representative. However, as plaintiffs' counsel correctly pointed out, because one of the remaining plaintiffs wishes to proceed with the appeal, a stay is not required under the circumstances that obtain here (see CPLR 1015; Bova v Vinciguerra, 139 AD2d 797, 799 [1988]).