Dedewo v CBS Corp. (2025 NY Slip Op 01712)

Dedewo v CBS Corp.

2025 NY Slip Op 01712

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 158386/22|Appeal No. 3945|Case No. 2024-00838|

[*1]Deborah Dedewo, Plaintiff-Appellant,
v
CBS Corporation, et al., Defendants-Respondents.

Kousoulas & Associates, P.C., New York (Antonia Kousoulas of counsel), for appellant.
Davis Wright Tremaine LLP, New York (Roy Salins of counsel), for respondents.

Order, Supreme Court, New York County (Richard Latin, J.), entered on or about January 17, 2024, which granted defendants' motion to dismiss the complaint and dismissed plaintiff's claims for race and sex discrimination and retaliation under the New York City Human Rights Law (HRL), unanimously affirmed, without costs.
To the extent plaintiff's claims arise from her termination, they are barred by collateral estoppel based on the adjudication of her federal race discrimination and retaliation claims by the federal court, which declined to exercise jurisdiction over her pendent State and City HRL claims for race and sex discrimination and retaliation. The federal court determined that "[p]laintiff fail[ed] to raise an inference of discrimination by pointing to either" of her two proposed comparators, who were "not . . . similarly situated" because plaintiff's conduct was "more serious" than theirs (Dedewo v CBS Corporation, 2022 WL 1031588, *5-6, 2022 US Dist LEXIS 63495, *15-16 [SD NY Apr. 5, 2022, 18 Civ. 9132 (AKH)]). Furthermore, the court found, "there is nothing in the record that would allow a reasonable juror to conclude that racial animus was more likely than not the real reason for her termination" (id., 2022 WL 1031588 at *5, 2022 US Dist LEXIS 63495 at *18) Rather, the court found, "[p]laintiff was fired because she defied her supervisors' orders, took an unauthorized vacation when told she was needed at her job, and was willfully late in returning to her job" and she therefore "was fired for cause, not because she was black (or female)" (id., 2022 WL 1031588 at *7, 2022 US Dist LEXIS 63495 at *18).
In addition, according to the court, plaintiff failed to establish a prima facie case of retaliation because she "failed to establish the necessary element of causation" as the temporal proximity (one week) between her Human Resources complaint and her termination did not "give rise to an inference of proximate causation . . . because the basis for [p]laintiff's termination pre-dated her . . . complaint" (id., 2022 WL 1031588 at *7, 2022 US Dist LEXIS 63495 at *18-19). The court then found that plaintiff failed to establish a causal connection between her protected activity and the material adverse action because her "own intervening misconduct severs the chain of causation" (id., 2022 WL 1031588 at *7, 2022 US Dist LEXIS 63495 at *19). In sum, the court concluded, "[p]laintiff's conduct after the fact, not retaliation, was the cause of her termination" (id., 2022 WL 1031588 at *7, 2022 US Dist LEXIS 63495, *20 [SD NY Apr. 5, 2022, 18 Civ. 9132 (AKH)]).
Those determinations preclude plaintiff from pursuing City HRL discrimination and retaliation claims based on the same facts because the federal court's findings are determinative of those claims even under the City HRL's more lenient standards (see Russell v New York Univ., 42 NY3d 377, 385-87 [2024]; Johnson v IAC/InterActiveCorp, 179 AD3d 551, 553 [1st Dept 2020], lv denied 35 NY3d [*2]912 [2020]; Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 139 [1st Dept 2014]). Even though the federal court made no necessary findings as to plaintiff's allegations of sex discrimination because she asserted no federal cause of action for sex discrimination, the federal court's determination that plaintiff could not raise an inference of discrimination based on her two proposed comparators, who were both white and male and were therefore comparators of equal value for both claims, "equally defeat[s] plaintiff's [sex] discrimination claims," because those claims "stem[med] from the same alleged conduct" (Peterkin v Episcopal Soc. Servs. of N.Y., 24 AD3d 306, 307-308 [1st Dept 2005]).
To the extent plaintiff's claims arise from defendants' conduct before her termination, including allegations that defendants denied plaintiff training opportunities and retaliated against her in other ways for prior protected activity, those claims are barred by res judicata. Those claims "could have been and were not raised" in the federal action (Abe v New York Univ., 169 AD3d 445, 449 [1st Dept 2019], lv denied 34 NY3d 1089 [2020]; see also Wiltz v New York City, 191 AD3d 452, 452 [1st Dept 2021], appeal dismissed 37 NY3d 1038 [2021]). Plaintiff's new allegations concern issues about which she was "aware . . . during the federal action" and "which [she] had a full and fair opportunity to litigate" in that forum (Gropper v 200 Fifth Owner LLC, 151 AD3d 635, 635 [1st Dept 2017] [internal quotation marks omitted]). Plaintiff's claims arising from alleged denials of promotions are also precluded because plaintiff withdrew
her HRL "failure to promote" claims in the federal action, where they "could have been" litigated (Abe, 169 AD3d at 449), before the federal court declined jurisdiction over the remaining pendant claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025