■ In the Matter of RONALD BURGESS, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [729 NYS2d 203] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

During the course of a May 7, 1999 incident in a prison yard, an inmate (hereinafter the victim) was observed picking up a weapon, chasing after petitioner and slashing at him with the weapon. As a result of that incident, petitioner was served with a misbehavior report charging him with violent conduct,

---

fighting and refusing a direct order. Following a tier III hearing conducted on May 13, 1999, petitioner was found guilty of violent conduct and refusing a direct order and discipline was imposed. Immediately following that hearing, petitioner was served with a second misbehavior report charging him with additional charges, i.e., assault upon an inmate and possession of a weapon, arising out of the same May 7, 1999 incident. That report, dated May 13, 1999, alleged in pertinent part that "a review of the film made of the incident reveals that [the victim] had been assaulted, cut on the face, by [petitioner] prior to [the victim] chasing him. The film also shows that [the victim] retrieved a razor weapon from the ground where [petitioner] threw it after he cut [the victim]."

At the ensuing tier III hearing conducted May 25, 1999, petitioner raised objections as to the timeliness of the hearing, the fact that he had been confined in keeplock since May 7, 1999 and that this was his "second misbehavior report based on the same incident." The Hearing Officer summarily denied those objections and proceeded with the hearing. Two inmates requested by petitioner gave testimony tending to exculpate petitioner, and the correction sergeant who authored the misbehavior report testified that a confidential source "indicat[ed] that [petitioner] cut somebody else." He also stated that the tape of the incident shows "[the victim] withdrawing from the situation holding the side of his face" and the victim then attacking petitioner, while deliberately ignoring two other inmates who were standing next to petitioner.

Based upon the misbehavior report, the hearing testimony and the Hearing Officer's own viewing of the tape, which he indicated "shows [petitioner] throwing a weapon onto the ground and being picked up by [the victim]," the Hearing Officer found petitioner guilty of both charges. By way of penalty, the Hearing Officer placed petitioner in special housing and denied him package, commissary and telephone privileges for 365 days. Following an unsuccessful administrative appeal, this CPLR article 78 proceeding ensued. Because of the existence of a substantial evidence question, Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

In our view, there is merit to petitioner's contention that the doctrine of res judicata barred the May 13, 1999 misbehavior report and the hearing and disposition rendered thereon, requiring that we annul respondents' determination and direct that all references to the underlying charges be expunged from petitioner's institutional records. Although recognizing that

the doctrine of res judicata bars a cause of action that was raised and adjudicated, or which could have been raised and adjudicated, in a prior action or proceeding (*see, e.g., O'Brien v City of Syracuse*, 54 NY2d 353, 357; *Coliseum Towers Assocs. v County of Nassau*, 217 AD2d 387, 389-390), respondents contend that the doctrine does not apply in this case because the second misbehavior report charged different violations than the first one and was based on information discovered subsequent to the hearing on the first misbehavior report. Although it is undisputed that the two misbehavior reports charge different violations, there is nothing in the record to support respondents' contention, advanced for the first time in their brief to this Court, that the allegedly newly discovered evidence supporting the second misbehavior report was not available and could not have been made available through the exercise of reasonable diligence prior to the hearing on the first misbehavior report. In any event, we are given no indication why it would take six days for prison personnel to view the yard tape, and the fact that the second misbehavior report was prepared and served upon petitioner on the very day of the hearing on the first misbehavior report tends to undermine the claim of unavailability.

In view of our conclusion that the charges alleged in the May 13, 1999 misbehavior report were barred by the doctrine of res judicata, we need not consider the further issue of whether the challenged determination was supported by substantial evidence.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to the violations alleged in the May 13, 1999 misbehavior report from petitioner's institutional records.