■ In the Matter of KEVIN THOMAS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [804 NYS2d 148]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possessing an authorized item in an unauthorized area after a search of his cell revealed a computer disk. A tier II disciplinary hearing was held and, on March 29, 2004, petitioner was found guilty of this charge. Upon examining the disk and discovering that it contained personal information concerning the creation of a corporation, petitioner was charged in a separate misbehavior report with smuggling and misuse of state property. After a tier III disciplinary hearing, petitioner was found guilty on April 7, 2004 of both charges. Following unsuccessful administrative appeals, petitioner commenced this CPLR article 78 proceeding.

Initially, respondents concede that the smuggling charge should be annulled and references thereto expunged from petitioner's institutional record as it is duplicative of the authorized item in an unauthorized area charge. As a result, petitioner's double jeopardy argument is moot. The April 2004 determination need not be remitted for a reconsideration of the penalty imposed, however, as the penalty has already been served and there was no recommended loss of good time (*see Matter of Fletcher v Goord*, 16 AD3d 731, 732-733 [2005]).

As for the remaining charges, substantial evidence, in the form of the misbehavior reports, the testimony of the correction officers who were involved in the search and investigation into the contents of the disk and who authored the reports, and petitioner's own testimony in which he admitted to using the disk for an unauthorized purpose, supports the determinations of guilt (*see Matter of La Tour v New York State Dept. of Correctional Servs. Cent. Off. Review Comm.*, 5 AD3d 890, 891 [2004]; *Matter of Smith v Portuondo*, 309 AD2d 1028, 1029 [2003]). Petitioner's denial that he brought the computer disk to his cell raised an issue of credibility for the Hearing Officer to resolve (*see Matter of Moore v Goord*, 17 AD3d 816 [2005]; *Matter of Mitchell v Goord*, 266 AD2d 614 [1999]). In addition, since the two reports resulted from separate and distinct incidents—the first from the search of the cell and the second from an investigation into its contents after interviewing petitioner the day after the search—we find no impropriety with respect to the fact that the charges were written up separately (*see Matter of Rowlett v Coombe*, 242 AD2d 798, 799-800 [1997]; *cf. Matter of Burgess v Goord*, 285 AD2d 753 [2001]).

Turning to petitioner's procedural arguments, contrary to his contention, the need for his presence during the search was not required as he was in the yard at the time (*see Matter of Williams v Goord*, 270 AD2d 744, 745 [2000]; *Matter of Freeman v Selsky*, 270 AD2d 547, 547 [2000]). In addition, petitioner's claim that the search of his cell and the resultant charges were retaliatory is speculative and unsupported by the record and, in any event, presented a credibility issue which the Hearing Officers were free to resolve against him (*see Matter of Brown v Goord*, 11 AD3d 857, 858 [2004]; *Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]). His argument with respect to the propriety of the search must also fail (*see generally Matter of Butler v Goord*, 265 AD2d 715 [1999]; *Matter of Siders v LeFevre*, 145 AD2d 874, 875 [1988]). Finally, since the second hearing was conducted within 14 days as required by 7 NYCRR 251-5.1 (b), it was not untimely (*see Matter of Sardo v Murphy*, 175

AD2d 972, 972-973 [1991]). Petitioner's remaining contentions are either unpreserved for our review or lack merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the March 29, 2004 determination is confirmed, without costs, and petition dismissed to that extent. Adjudged that the April 7, 2004 determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.