■ In the Matter of RUSSELL PROUT, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [811 NYS2d 166]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner's cell was searched on September 30, 2004 and a number of items were confiscated, including a notebook containing information on escape paraphernalia and instructions on making keys. Additional materials, which had been the subject of a 1998 disciplinary determination, were also taken from petitioner's cell. As a result, he was charged in a misbehavior report with possession of contraband, escape paraphernalia and materials used to construct explosive devices. He was found guilty of all charges at the conclusion of a tier III disciplinary hearing. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.*

Contrary to petitioner's claim, we do not find that the 1998 disciplinary determination has either res judicata or collateral estoppel effect with respect to the determination at issue. Although the 1998 determination was based on some of the same documentation providing support for the current charges, additional materials were confiscated that were not part of the 1998 determination. Consequently, inasmuch as the factual bases for the two determinations are different, the doctrines of res judicata and collateral estoppel are inapplicable (*see generally O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of Hop Wah v Coughlin*, 160 AD2d 1054, 1055 [1990], *lv denied* 76 NY2d 708 [1990]; *cf. Matter of Burgess v Goord*, 285 AD2d 753, 754-755 [2001]). Furthermore, upon reviewing the record, we do not find that petitioner was denied the right to respond to evidence presented at the hearing or that the hearing transcript is so incomplete as to preclude meaningful review.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* To the extent that the petition raises a question of substantial evidence, that issue is not addressed in petitioner's brief and is, therefore, deemed abandoned (*see Matter of Quezada v Goord*, 19 AD3d 964, 965 n 1 [2005]).