■ In the Matter of JOSEPH GRIFFITH, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [818 NYS2d 871]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was involved in a physical altercation with another inmate during which he ignored a correction officer's directive to stop fighting. As a result, he was charged in a misbehavior report with fighting, refusing a direct order and engaging in violent conduct. An investigation of this incident led to confidential information implicating petitioner as a coconspirator in a plan to cut the other inmate. Specifically, petitioner's role was to distract the inmate while one of his gang members cut the inmate from behind. When the plan went awry, the fight ensued and petitioner was cut instead. Based upon the confidential information, petitioner was charged in a second misbehavior report with attempting to assault another inmate and engaging in violent conduct. Two separate tier III disciplinary hearings covering both misbehavior reports were subsequently conducted

on the same day. Petitioner was found guilty of fighting and refusing a direct order, but not guilty of engaging in violent conduct as charged in the first report. He was found guilty of attempting to assault another inmate and engaging in violent conduct as charged in the second report. These determinations were affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The first misbehavior report, together with the testimony of the correction officer who authored it and observed the incident, provide substantial evidence supporting the determination finding petitioner guilty of fighting and refusing a direct order (*see Matter of Lamage v Goord*, 285 AD2d 724, 724 [2001], *appeal dismissed* 97 NY2d 639 [2001]). Likewise, the second misbehavior report, combined with the testimony of the correction sergeant who prepared it after conducting an investigation and the confidential informant's testimony, provide substantial evidence supporting the determination finding petitioner guilty of attempting to assault an inmate and engaging in violent conduct (*see Matter of McCain v Goord*, 19 AD3d 910, 910 [2005]). The finding of not guilty of engaging in violent conduct as charged in the first report is not entitled to res judicata effect with respect to the disposition of the same charge contained in the second report, as the two reports were based on entirely different conduct (*see Matter of Prout v Goord*, 27 AD3d 812, 813 [2006]). Furthermore, petitioner was not entitled to question the confidential informant (*see Matter of Shannon v Goord*, 282 AD2d 909, 910 [2001]).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.