■ In the Matter of BASHIR GUSTUS, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [883 NYS2d 624]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered May 23, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

On April 17, 2007, petitioner was involved in a physical altercation with another inmate. After a correction officer intervened, he directed petitioner to remain in a specific location, but petitioner slipped away into the crowd. As a result, petitioner was charged in a misbehavior report with fighting and refusing a direct order. He was found guilty of both charges following a tier III disciplinary hearing. Upon administrative appeal, the charge of fighting was dismissed, but the charge of refusing a direct order was sustained. A few days after the incident in question, and as the result of an investigation of the same incident during which confidential information was received, petitioner was charged in a second misbehavior report with assaulting an inmate and engaging in violent conduct. Following a tier III disciplinary hearing, he was found guilty of these charges and the determination was affirmed on administrative appeal with a modified penalty. Petitioner then com-

menced this CPLR article 78 proceeding asserting that the second determination is barred by the doctrine of res judicata. Following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

We reverse. The doctrine of res judicata "bars a cause of action that was raised and adjudicated, or which could have been raised and adjudicated, in a prior action or proceeding" (*Matter of Burgess v Goord*, 285 AD2d 753, 755 [2001]). Under the transactional analysis approach to this doctrine, " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

Here, both misbehavior reports charged petitioner with rule violations related to his conduct in the April 17, 2007 altercation. Although additional information became available through an investigation after the first misbehavior report was filed, which led to the filing of the second misbehavior report, all of that information was available before the first hearing began. In fact, the hearing on the second report commenced approximately one hour after completion of the hearing on the first report. This was not a situation where two reports charged different rule violations for separate but somehow related conduct, permitting separate hearings and determinations (*see Matter of Thomas v Selsky*, 23 AD3d 868, 869 [2005]; *cf. Matter of Griffith v Selsky*, 32 AD3d 595, 596 [2006]). Because the two misbehavior reports charged violations concerning one incident and all of the information necessary to support the charges was available before commencement of the first hearing, the hearing on the second misbehavior report was barred by the doctrine of res judicata (*see Matter of Burgess v Goord*, 285 AD2d at 754-755).

Peters, J.P., Rose, Kane, Stein and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination on the second misbehavior report annulled and respondent is directed to expunge all references thereto from petitioner's institutional record.