■ In the Matter of JOHN CALCATERRA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [901 NYS2d 395]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in three misbehavior reports with violating various prison disciplinary rules. The first report alleged that he possessed a former prison employee's personal information, communicated with her by telephone and violated facility correspondence and package procedures. The second report stemmed from petitioner's communications with the employee and another individual, and alleged that he had violated three of the four rules cited in the first report, conspired to as-

sault another inmate and made threats. A third report arose from items discovered during a search of petitioner's cell and charged him with possessing another person's identification papers, a prison employee's personal information, contraband, and another inmate's criminal history information.

Following three separate tier III disciplinary hearings, petitioner was found guilty of all charges in the first two reports and pleaded guilty to all charges in the third report. Petitioner administratively appealed, following which the duplicative charges in the second and third reports were dismissed and the penalties imposed in all three determinations reduced. Petitioner thereafter commenced this CPLR article 78 proceeding.

We now confirm. Petitioner only challenges the determination of guilt in the first proceeding to the extent that said determination allegedly precluded findings of guilt in the second and third proceedings. As the duplicative charges in the second and third proceedings were dismissed upon administrative appeal, however, petitioner's contention that the doctrine of res judicata applies to them is moot (*see Matter of Cochran v Bezio*, 70 AD3d 1161, 1162 [2010]). To the extent that petitioner also challenges the surviving charges in the second and third reports on this ground, such arose out of separate and distinct incidents of misconduct and res judicata is not applicable to them (*see Matter of Tarantola v Selsky*, 32 AD3d 1102, 1103 [2006]; *Matter of Thomas v Selsky*, 23 AD3d 868, 869 [2005]; *cf. Matter of Gustus v Fischer*, 64 AD3d 1034, 1035 [2009]).

Petitioner also claims that the conspiracy to assault charge was unsupported by substantial evidence, but the misbehavior report and other evidence amply support the Hearing Officer's finding that petitioner was plotting with others to attack another inmate (*see Matter of Ryan v Goord*, 12 AD3d 799, 799 [2004]). Lastly, we are not persuaded that the penalties imposed, as modified, were unduly harsh.

Cardona, P.J., Peters, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.