Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinaiy rules.
During a search of petitioner’s cell, various items were discovered and confiscated, including a radio permit that appeared to be forged, as well as a radio and an equalizer, both of which had altered inmate identification numbers. In addition, there was no permit on file in the package room for the equalizer. As a result, petitioner was charged in a misbehavior report with possessing contraband, possessing an altered item and forgery. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was later affirmed upon administrative appeal, resulting in this CPLR article 78 proceeding.
Petitioner contends that the disciplinary determination is barred by the doctrine of res judicata. He bases this claim upon the fact that, during the search of his cell, additional items were confiscated that formed the basis of another misbehavior report charging him with possessing gang-related material, of which he was found guilty following a separate tier III disciplinary hearing. Although items providing the basis for both misbehavior reports were confiscated during the same search, we find that the doctrine of res judicata is inapplicable inasmuch as different conduct provided the factual bases for the respective disciplinary determinations (see Matter of Griffith v Selsky, 32 AD3d 595, 596 [2006]; Matter of Prout v Goord, 27 AD3d 812, 813 [2006]; compare Matter of Gustus v Fischer, 64 AD3d 1034, 1035 [2009]; Matter of Burgess v Goord, 285 AD2d 753, 754-755 [2001]).
Petitioner further asserts that substantial evidence does not support that part of the determination finding him guilty of forgery. However, evidence was adduced at the hearing that the original radio permit and the pink carbon copy belonging to petitioner were not identical and that the signature of the correction officer who signed the permit was not authentic on the pink copy. Indeed, the misbehavior report, related documentation and testimony at the hearing, including that of the correction officer who signed the original radio permit, provide *889 substantial evidence supporting the determination of guilt (see Matter of Gloss v Fischer, 65 AD3d 1430, 1431 [2009], lv denied 13 NY3d 714 [2009]). We have considered petitioner’s contentions regarding the denial of witnesses and find them to be unavailing.
Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.