14-4098-cv
*JEDA Capital-56, LLC v. Vill. of Potsdam*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

JEDA CAPITAL-56, LLC,

        *Plaintiff-Appellant,*                                    14-4098-cv

        v.

VILLAGE OF POTSDAM, NEW YORK,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**      JUSTIN T. HUFFMAN, Camardo Law Firm, Auburn, NY.

**FOR DEFENDANT-APPELLEE:**      GREGG T. JOHNSON (April J. Laws, *on the brief*), Lemire, Johnson & Higgins, LLC, Malta, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant JEDA Capital-56, LLC ("JEDA") appeals from the September 30, 2014 judgment of the District Court granting the motion for summary judgment by defendant-appellee the Village of Potsdam, New York ("the Village").[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

JEDA and the Village entered into a lease, under the terms of which JEDA, a developer, would build a water storage facility that it would lease to the Village in exchange for monthly rent payments. JEDA was to deliver the facility to the Village by December 1, 2008. Delivery still had not occurred, however, as of August 18, 2009, when the parties executed a "Project Completion Agreement" ("PCA"), which identified various items that needed to be completed before the Village would accept delivery. The PCA also contained a release provision, which is the principal subject of this appeal.[2]

_____

[1] The District Court declined to exercise supplemental jurisdiction over two of JEDA's state-law claims, which it dismissed without prejudice.

[2] Section 6 of the PCA provides in full:

> INDEMNIFICATION: JEDA does hereby covenant and agrees that JEDA will never institute any suit or action at law or equity against Village or its Engineer, nor institute, prosecute or in any way nor aid in the institution or prosecution of any claim, demand, action or cause of action of any kind, whether developed or undeveloped, known or unknown, or which JEDA may have for, or by reason of any matter, whatsoever from the beginning of the world to the day of the date of this agreement arising from or in any way related to the construction of the Water Tower project and related water and sewer systems. Furthermore, JEDA does hereby remise, release and forever discharge the Village or its Engineer from any and all actions, causes of action, suits, debits, sums of money, damages, judgments, controversies, agreements, promises, executions and/or claims of any kind, in law or equity, which against the Village or its Engineer JEDA has ever had or shall have upon or by reason of any matters, whatsoever from the beginning of the world as it in any way relates to the construction of the Water Tower project and related water and sewer systems.

App. 111.

2

JEDA never completed the facility to the Village's satisfaction, and the Village never accepted delivery or made any rent payments. In January 2010, Community Bank, which had financed JEDA's project, commenced a foreclosure action on the water storage facility property, purchased it, and sold it to the Village pursuant to a preexisting agreement.

JEDA commenced this action on May 27, 2011, alleging pursuant to state contract law that the Village breached its contract with JEDA and pursuant to 42 U.S.C. § 1983 that the Village deprived JEDA of property without due process of law. JEDA also sought rescission of the PCA based on claims that it was obtained by duress, that it was obtained without consideration, and that it contained contradictory terms. The District Court dismissed JEDA's rescission claims on their merits. Having found that the PCA was enforceable, the District Court went on to hold that the PCA barred JEDA's claim for nonpayment of rent and its § 1983 claims for deprivation of property. Finally, the District Court declined to exercise supplemental jurisdiction over JEDA's state-law claims for unjust enrichment and for breach of contract based on alleged alterations to the lease agreement.

On appeal, JEDA argues that the District Court erred in granting summary judgment because (1) the release in the PCA is unenforceable because it was obtained by economic duress, (2) the release is unenforceable because JEDA received no consideration for signing it, and (3) the release is unenforceable because it contains contradictory terms. In addition, JEDA argues that (4) even if the release is enforceable, it does not cover all of JEDA's claims. We consider each of these arguments in turn.

**DISCUSSION**

JEDA first argues that the release was obtained by economic duress. We need not decide whether duress was present, however, because JEDA ratified the release and therefore waived the right to claim duress. Under New York law, "[a] party may ratify a contract or release entered into under duress by intentionally accepting benefits under the contract, by remaining silent or acquiescing in the contract for a period of time after [the party] has the opportunity to avoid it, or by acting upon it, performing under it, or affirmatively acknowledging it." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 123 (2d Cir. 2001) (internal quotation marks omitted). Here, JEDA signed the PCA on August 18, 2009, but did not attempt to repudiate it until commencing this suit on May 27, 2011. To the contrary, JEDA affirmatively sought to perform under the PCA and to hold the Village to its alleged obligations under that agreement. This delay of more than 21 months is "simply too long" to permit JEDA to assert duress in this litigation. *See id.* at 124 (finding that a party ratified a contract by acquiescing for one year); *see also United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011) (finding ratification under New York law after a four-month period of acquiescence).

3

Second, JEDA argues that "[t]he PCA is invalid for lack of consideration." JEDA Br. 18. Assuming without deciding that consideration is even necessary under these circumstances, *see* N.Y. Gen. Oblig. Law § 15–303, we reject this argument as meritless. As the District Court rightly observed, JEDA, in exchange for signing the PCA, gained the resolution of a number of disputed items to which it was not clearly entitled at the time. These included, for example, the resolution of concerns stemming from a possible discrepancy in elevation between two towers in the water storage facility. Resolution of a disputed claim is sufficient consideration to support a contract. *See, e.g.*, *Apfel v. Prudential-Bache Sec. Inc.*, 616 N.E.2d 1095, 1097 (N.Y. 1993); *Wahl v. Barnum*, 22 N.E. 280, 282 (N.Y. 1889) (holding that settlement of a disputed claim is legal consideration, even if the claim lacked merit).

Third, JEDA argues that the District Court improperly granted the Village summary judgment on JEDA's fifth cause of action—which sought rescission of the PCA based on its allegedly contradictory terms—because the Village did not specifically move for summary judgment on that claim. Even if we assume *arguendo* that JEDA has correctly characterized the Village's motion, this argument is nonetheless meritless.[3] Although we have discouraged district courts from granting summary judgment *sua sponte*, it is permissible to do so as long as the party against whom summary judgment is granted is not "procedurally prejudiced" as a result. *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000). "A party is procedurally prejudiced if it is surprised by the district court's action and that surprise results in the party's failure to present evidence in support of its position." *Id.* Here, JEDA has not pointed to any additional evidence it could have brought to oppose summary judgment on its fifth cause of action. Indeed, JEDA presented to the District Court precisely the same argument against summary judgment that it now rehearses in its principal brief. We therefore have no reason to conclude that JEDA was procedurally prejudiced by the District Court's grant of summary judgment on that claim.

Furthermore, we agree with the District Court that JEDA's fifth cause of action fails on its merits. JEDA argues that the release contradicts another provision of the PCA, which states that the terms of JEDA's previous lease with the Village would remain "in full force and effect." Because the original lease permitted JEDA to bring suit for breach of contract, JEDA claims that this provision effectively nullifies the release. It is well established, however, that "[i]n a situation of potential contract ambiguity, an interpretation that gives a reasonable and effective meaning to all terms of a contract is preferable to one that leaves a portion of the writing useless or inexplicable." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 179 (2d Cir. 2014) (internal quotation marks omitted). Read in context, it is clear that the provision JEDA cites was intended to keep the other provisions of the original lease in effect but not to abrogate the release.

---

[3] The Village argues that it moved for summary judgment on all eight of JEDA's claims.

4

Finally, we consider JEDA's argument that the PCA's release provision does not apply to JEDA's seventh and eighth causes of action, which raise deprivation-of-property claims pursuant to 42 U.S.C. § 1983.[4] JEDA argues that the release covers only claims that accrued on or before August 18, 2009, when the PCA was executed, and that JEDA's seventh and eighth causes of action accrued after that date. This argument is contrary to the plain language of the PCA. In section 6 of the PCA, JEDA released the Village from all "claims of any kind, which . . . JEDA has ever had *or shall have*" relating to "the construction of the Water Tower project." App. 111 (emphasis supplied). The "broad language" of the release indicates the parties' intent to release the Village from future claims that might have accrued after the PCA was signed.[5] *See Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 952 N.E.2d 995, 1000 (N.Y. 2011) ("Notably, a release may encompass unknown claims . . . .").

## CONCLUSION

We have reviewed all of the arguments raised by JEDA on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 30, 2014 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] JEDA's reply brief also suggests that the release does not cover JEDA's first cause of action for nonpayment of rent. But JEDA makes no mention of that claim in its principal brief. Accordingly, JEDA has abandoned its argument as to whether the PCA bars JEDA's first cause of action. *See Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir. 1998) (noting that we do not ordinarily address issues raised for the first time in a reply brief).

[5] JEDA also argues, for the first time in it reply brief, that its seventh and eighth causes of action are beyond the scope of the PCA because they are "not related in any way the construction of the water tower project." JEDA Reply Br. 8. JEDA abandoned this argument by not raising it in its opening brief. *See ante* note 4. In any event, the argument is contradicted by the text of the Amended Complaint. *See* App. 43 (describing JEDA's seventh cause of action as deriving in part from the Village's actions with respect to the PCA and from its refusal to accept delivery of the water storage facility); App. 44 (describing JEDA's eighth cause of action as deriving in part from the Village's interference with the construction process).

5