Matter of Strauss v Venettozzi (2020 NY Slip Op 05112)





Matter of Strauss v Venettozzi


2020 NY Slip Op 05112


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530382

[*1]In the Matter of Charles Strauss, Appellant,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 4, 2020

Before: Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ. 


Charles Strauss, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hartman, J.), entered October 23, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules following searches of his cell on December 6, 2018. The first report alleged that, during a search of petitioner's cell at 5:35 p.m., a correction officer discovered a plastic shank in the air vent and 58 packs of cigarettes in a box under his desk, in excess of the 20-pack limit, and charged him with possession of a weapon and excessive tobacco. The second report alleged that, during a search at 4:45 p.m. that day, a senior investigator found, inside a light fixture above the sink, two wrenches, tattoo ink, needles and guns and other tattoo paraphernalia, a hypodermic needle containing a brown substance and three gallons of homemade alcohol. As a result, petitioner was charged in the second report with possession of a weapon, drugs, contraband, excessive tobacco, unauthorized tools, tattoo paraphernalia and alcohol and tampering with property. Following separate tier III disciplinary hearings, petitioner was found guilty of the charges in the first report, which was administratively affirmed. Petitioner admitted five of the charged violations in the second report, and was found guilty of all charges in that report except for the excessive tobacco, and that determination was modified on administrative appeal in that the drug possession charge was dismissed and the penalty was modified.
Petitioner commenced this CPLR article 78 proceeding challenging the determination and penalty imposed on the second report, arguing that it was precluded by principles of res judicata. Supreme Court dismissed the petition, finding that the second report and penalty were not precluded, and this appeal ensued.
We affirm. "The doctrine of res judicata bars a cause of action that was raised and adjudicated, or which could have been raised and adjudicated, in a prior action or proceeding" (Matter of Gustus v Fischer, 64 AD3d 1034, 1035 [2009] [internal quotation marks and citation omitted]). This doctrine generally applies to quasi-judicial determinations such as result from prison disciplinary proceedings (see Matter of Josey v Goord, 9 NY3d 386, 390 [2007]). Under the transactional analysis approach to this doctrine, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Matter of Josey v Goord, 9 NY3d at 389-390 [internal quotation marks and citation omitted]; accord Matter of Gustus v Fischer, 64 AD3d at 1035).
Here, the charges in the reports arose from searches conducted by two correction officials who, at separate times, uncovered distinct contraband in different areas of petitioner's cell, albeit on the same day. As such, the charges in the reports "arose out of separate and distinct incidents of misconduct and res judicata is not applicable" (Matter of Calcaterra v Fischer, 73 AD3d 1370, 1371 [2010]; see Matter of Alicea v Fischer, 108 AD3d 888, 888 [2013]). As Supreme Court recognized, the two reports, with one exception, charged different rule violations "for separate [although] related conduct, permitting separate hearings and determinations" (Matter of Gustus v Fischer, 64 AD3d at 1035). The one exception related to the excess tobacco charge in both reports, which was dismissed at the second hearing. Accordingly, although the contraband in each report was confiscated during the same overall search, discrete conduct by petitioner provided the different factual bases for the disciplinary charges and determinations and, thus, res judicata is inapplicable (see Matter of Alicea v Fischer, 108 AD3d at 888; Matter of Calcaterra v Fischer, 73 AD3d at 1371; Matter of Prout v Goord, 27 AD3d 812, 813 [2006]; cf. Matter of Gustus v Fischer, 64 AD3d at 1035).
Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.