Matter of Davis v Annucci (2022 NY Slip Op 06207)

Matter of Davis v Annucci

2022 NY Slip Op 06207

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534612
[*1]In the Matter of Jermaine Davis, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 7, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ.

Prisoners' Legal Services of New York, Mount Sinai (Rosanne Trabocchi of counsel), for petitioner.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was observed throwing, and unsuccessfully attempting to flush, two small bags into his toilet. Petitioner subsequently complied with a directive to tender the two small bags, which were found to contain 5.9 grams of a green or brown leafy substance that was visually identified as synthetic cannabinoids. As a result of this incident, petitioner was charged in a misbehavior report dated February 9, 2021 with possessing contraband, drug possession and drug distribution (hereinafter the first misbehavior report). Shortly thereafter, during a search of petitioner's cell, a correction officer discovered an altered hot pot, a tip of a glove containing a green leafy substance and three rolled-up pieces of paper on a desk containing a green leafy substance. The green leafy substances, weighing a combined 0.7 grams, were visually identified as synthetic cannabinoids. As a result of the discovery of these items in petitioner's cell, petitioner was charged in a second misbehavior report on the same day with possessing an altered item, possessing contraband, drug possession and drug distribution (hereinafter the second misbehavior report). Following a tier III disciplinary hearing on the first misbehavior report, petitioner was found guilty of the charges based upon his pleas of guilty. At the conclusion of a separate tier III disciplinary hearing on the second misbehavior report, petitioner was found guilty of all four charges alleged in that report. Following unsuccessful administrative appeals, petitioner commenced this CPLR article 78 proceeding challenging both determinations.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination regarding the second misbehavior report finding petitioner guilty of possessing contraband, drug possession and drug distribution is not supported by substantial evidence and must be annulled. "However, because the penalty has been served and no loss of good time was imposed, remittal of the matter for a redetermination thereof is not necessary" (Matter of Nix v Venettozzi, 196 AD3d 933, 933 [3d Dept 2021] [citation omitted]). Nevertheless, because the remaining charge of possessing an altered item constitutes at most a tier II offense (see 7 NYCRR 270.2 [B] [14] [ii]), respondent is directed to expunge all references to the annulled charges from petitioner's institutional record, including "the reference to the tier III designation" (Matter of Dagnone v Annucci, 149 AD3d 1461, 1462 [3d Dept 2017]; see Matter of Howard v Coughlin, 212 AD2d 852, 853 [3d Dept 1995]). The remaining part of the determination finding petitioner guilty of possessing an altered item is supported by substantial evidence consisting [*2]of the second misbehavior report and the hearing testimony from the author of that report (see Matter of Abdullah v Department of Corr. & Community Supervision, 193 AD3d 1167, 1169 [3d Dept 2021]; Matter of Torres v Annucci, 167 AD3d 1191, 1192 [3d Dept 2018]). Further, and contrary to petitioner's procedural contention, the misbehavior report provided the date, place, approximate time, description of the conduct alleged and rule violation, all of which sufficiently provided him notice of the alleged conduct and charge against him so that he could prepare a defense (see Matter of Headley v Annucci, 205 AD3d 1189, 1190 [3d Dept 2022]).
Because petitioner pleaded guilty to the charges contained in the first misbehavior report, he is precluded from challenging the sufficiency of the evidence supporting those charges (see Matter of Cuppuccino v Annucci, 206 AD3d 1425, 1426 [3d Dept 2022]; Matter of Gonzalez v Annucci, 199 AD3d 1146, 1147 [3d Dept 2021]). Moreover, "[t]here is no indication in the record that his guilty pleas were coerced or otherwise not knowing, voluntary and intelligent" (Matter of Pequero v Annucci, 156 AD3d 986, 986 [3d Dept 2017]). Finally, we reject petitioner's claim that the disciplinary determination concerning the first misbehavior report is barred by the doctrine of res judicata. The disciplinary determination regarding the second misbehavior report arose out of a separate and distinct incident of misconduct, as it was based upon a separate search of petitioner's cell that uncovered distinct contraband (see Matter of Strauss v Venettozzi, 186 AD3d 1862, 1863 [3d Dept 2020]; Matter of Alicea v Fischer, 108 AD3d 888, 888 [3d Dept 2013]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ., concur.
ADJUDGED that the determination dated February 17, 2021 rendered on the first misbehavior report filed on February 9, 2021 is confirmed, without costs, and petition dismissed to that extent.
ADJUDGED that the determination dated February 17, 2021 rendered on the second misbehavior report filed on February 9, 2021 is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband, drug possession and drug distribution; petition granted to that extent, and respondent is directed to expunge all references to these charges and the tier III designation from petitioner's institutional record; and, as so modified, confirmed.