Matter of Barnes v Venettozzi (2022 NY Slip Op 06210)

Matter of Barnes v Venettozzi

2022 NY Slip Op 06210

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534839
[*1]In the Matter of Arrello Barnes, Appellant,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:October 7, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Arrello Barnes, Auburn, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Gerald W. Connelly, J.), entered February 10, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
On December 12, 2020, petitioner was involved in a physical altercation with another incarcerated individual. As a result, petitioner was charged in a misbehavior report with fighting, violent conduct and refusing a direct order. He was found guilty as charged on December 21, 2020, following a tier II disciplinary hearing. Also on December 21, 2020, petitioner was charged in a second misbehavior report with gang activity. That report alleged that an investigation conducted following the December 12, 2020 incident revealed that petitioner was a member of a gang and that his altercation with the other individual was part of an ongoing gang rivalry. The report further alleged that the December 12, 2020 altercation triggered "a chain reaction of subsequent assaults and violent conduct involving multiple members" of the two gangs involved. After pleading guilty as charged in the second misbehavior report at a tier III disciplinary hearing, petitioner sought administrative review, arguing that he was charged based upon the same offense in both misbehavior reports. The determination and penalty were affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding contending that the second misbehavior report and the related hearing and determination were barred by the doctrine of res judicata. Supreme Court dismissed the petition, finding that res judicata was inapplicable, and this appeal ensued.
"The doctrine of res judicata bars a cause of action that was raised and adjudicated, or which could have been raised and adjudicated, in a prior action or proceeding" (Matter of Gustus v Fischer, 64 AD3d 1034, 1035 [3d Dept 2009] [internal quotation marks and citation omitted]; see Matter of Burgess v Goord, 285 AD2d 753, 754-755 [3d Dept 2001]). Moreover, "res judicata is generally applicable to quasi-judicial determinations that are rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law" (Matter of Josey v Goord, 9 NY3d 386, 390 [2007] [internal quotation marks and citation omitted]), including determinations resulting from prison disciplinary proceedings (see Matter of Strauss v Venettozzi, 186 AD3d 1862, 1863 [3d Dept 2020]). "Under the transactional analysis approach to this doctrine, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (id., quoting Matter of Josey v Goord, 9 NY3d at 389-390; [*2]accord Matter of Gustus v Fischer, 64 AD3d at 1035).
Both misbehavior reports charged petitioner with rule violations related to the December 12, 2020 altercation. According to the second misbehavior report, an investigation involving "multiple confidential and reliable sources" that began following the altercation revealed that petitioner and the other participant in the altercation were members of rival gangs and that the altercation was gang related. The investigation also revealed that the altercation had triggered "subsequent assaults and violent conduct involving multiple members" of the two gangs. In our view, the allegation in the second misbehavior report that the investigation revealed that petitioner was involved in gang activity at the time of the altercation constitutes "separate but . . . related conduct" (Matter of Gustus v Fischer, 64 AD3d at 1035) permitting a separate determination and rendering res judicata inapplicable (see Matter of Strauss v Venettozzi, 186 AD3d at 1863; Matter of Calcaterra v Fischer, 73 AD3d 1370, 1371 [3d Dept 2010]). To the extent that petitioner argues that the charge of gang activity could have been brought at the time of the first misbehavior report, the record reflects that the gang activity charge was brought following an investigation that began on the date of the first misbehavior report and included investigating subsequent acts of misconduct in the facility. There is nothing in the record to indicate that the investigation had concluded by the time that the hearing on the first misbehavior report had begun (compare Matter of Gustus v Fischer, 64 AD3d at 1035). In light of the foregoing, we conclude that Supreme Court properly dismissed the petition.
Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.