Jeda Capital-56, LLC v Potsdam Assoc., LLC (2024 NY Slip Op 01231)

Jeda Capital-56, LLC v Potsdam Assoc., LLC

2024 NY Slip Op 01231

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-23-0452
[*1]Jeda Capital-56, LLC, Appellant,
v
Potsdam Associates, LLC, et al., Defendants, and Village of Potsdam, New York, Respondent.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

E. Stewart Jones Hacker Murphy LLP, Troy (Benjamin F. Neidl of counsel), for appellant.
Johnson & Laws, LLC, Clifton Park (April J. Laws of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (Mary M. Farley, J.), entered September 2, 2022 in St. Lawrence County, which granted a motion by defendant Village of Potsdam to dismiss the complaint against it.
The facts underlying this appeal are more fully set out in our prior decision in Jeda Capital-56, LLC v Village of Potsdam (198 AD3d 1211 [3d Dept 2021], lv denied 38 NY3d 902 [2022]). Briefly, as relevant to the instant appeal, plaintiff and defendant Village of Potsdam, St. Lawrence County, entered into a lease agreement in 2008 wherein plaintiff agreed to build a water tower and a connected water and sewer system (hereinafter the water project), which the Village would then lease from plaintiff. After the Village refused to accept delivery, asserting that the water project was not properly completed, the parties entered into a project completion agreement (hereinafter PCA) in 2009. The PCA settled the parties' disputes about the specifics of the water project and included a clause through which plaintiff indemnified the Village from all causes of action "arising from or in any way related to the construction of the [w]ater [t]ower [p]roject and related water and sewer systems." Thereafter, the Village accepted delivery of the water project but refused to pay rent pursuant to the lease agreement, arguing that plaintiff had failed to complete the water project in accordance with the PCA. Plaintiff's bank then foreclosed on the property on which the water tower was constructed, and the Village purchased said property from the bank in 2011.
In May 2011, plaintiff commenced an action in the US District Court for the Northern District of New York seeking, among other things, to have the Village pay rent pursuant to the lease agreement, to invalidate the PCA for various reasons, including that it impermissibly changed the terms of the lease agreement, and arguing that the Village had been unjustly enriched. The Village moved for summary judgment, which motion the court granted with prejudice, except that the court declined to exercise supplemental jurisdiction over plaintiff's state law claims arguing changes to the lease agreement and unjust enrichment (see JEDA Capital-56, LLC v Village of Potsdam, New York, 2014 WL 12651236, *12 [ND NY Sept. 30, 2014], affd 661 Fed Appx 20, 24 [2d Cir 2016], cert denied 580 US 1172 [2017]). In September 2016, plaintiff commenced an action in Supreme Court asserting the two state law claims over which the federal District Court declined to exercise jurisdiction. Following discovery, the Village again moved for summary judgment, which Supreme Court granted, finding that plaintiff's claims were barred by the indemnification clause of the PCA. On appeal, we affirmed, finding that the indemnification clause precluded plaintiff's claims (see Jeda Capital-56, LLC v Village of Potsdam, 198 AD3d at 1218).
Approximately a month after our decision, in November 2021, plaintiff commenced the instant action, seeking a declaration [*2]that it owns the underground water and sewer lines that were installed in connection with construction of the water project and that, because the Village had used such infrastructure without plaintiff's permission and without paying for such use, plaintiff was entitled to damages to be determined by the court.[FN1] The Village moved to dismiss the complaint against it based on res judicata, among other grounds. As relevant to this appeal, Supreme Court found that plaintiff's claims against the Village were precluded by res judicata and dismissed the complaint against it. Plaintiff appeals.
"[T]he doctrine of res judicata bars relitigation of claims that either were or could have been raised in a prior action provided that the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits" (Comrie, Inc. v Lake Ave., Inc., 86 AD3d 856, 856-857 [3d Dept 2011] [internal quotation marks and citation omitted]; see CPLR 3211 [a] [5]; Matter of Weaver v Weaver, 198 AD3d 1168, 1169 [3d Dept 2021]). Put another way, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; accord Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; Matter of Barnes v Venettozzi, 210 AD3d 1171, 1172 [3d Dept 2022]). Where, as here, it is undisputed that the instant claims and the prior claims involve the same parties and that the prior actions were fully litigated and reached a final judgment on the merits, the only question before us is whether the claims in the instant complaint arise out of the same transaction as those involved in the prior actions. Resolving this query "involves a 'pragmatic test analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage' " (O'Connor v Demarest, 74 AD3d 1522, 1524 [3d Dept 2010] [ellipsis omitted], quoting Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101 [2005]).
Through the first cause of action in the instant complaint, plaintiff seeks a declaration that it owns the underground water and sewer lines that were installed during the construction of the water project. In the prior federal action, plaintiff sought payment for the Village's use of the water project pursuant to the lease agreement (see JEDA Capital-56, LLC v Village of Potsdam, New York, 2014 WL 12651236 at *5). Further, through both prior actions, plaintiff expressly sought damages for various costs incurred in the construction and installation of the water and sewer lines (see id. at *6; Jeda Capital-56, LLC v Village of Potsdam, 198 AD3d at 1216-1217). Yet, plaintiff fails to provide any explanation [*3]for failing to bring this claim seeking a declaration of ownership during the prior actions which dealt with the construction, installation and use of the same water and sewer lines. Consequently, we agree with Supreme Court's determination that this claim would have formed a convenient trial unit with the claims raised in the prior actions and that the doctrine of res judicata precludes plaintiff from raising them now (see Emmons v Broome County, 180 AD3d 1213, 1217-1218 [3d Dept 2020]; Matter of Gustus v Fischer, 64 AD3d 1034, 1035 [3d Dept 2009]; compare Xiao Yang Chen v Fischer, 6 NY3d at 101; Matter of Barnes v Venettozzi, 210 AD3d at 1172-1173). Because plaintiff's second cause of action is premised on its ownership over the water and sewer lines, Supreme Court properly dismissed the complaint against the Village.
In light of this determination, plaintiff's remaining contentions have been rendered academic.
Egan Jr., J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Through the instant complaint, plaintiff also brought these claims against additional defendants who are not the subject of the instant appeal.