Matter of Slide v Capra (2024 NY Slip Op 06267)

Matter of Slide v Capra

2024 NY Slip Op 06267

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-2248
[*1]In the Matter of Teraine Slide, Petitioner,
v
Michael Capra, as Superintendent of Sing Sing Correctional Facility, et al., Respondents.

Calendar Date:November 8, 2024

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Teraine Slide, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Sing Sing Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with drug use after the urine sample he was directed to provide tested positive for the use of cannabinoid. At the ensuing tier II disciplinary hearing, petitioner pleaded guilty to the charge, admitting that he used marihuana. Petitioner attempted twice to administratively appeal the decision but received no response. Ultimately, petitioner filed a grievance seeking a response to his appeals. The grievance investigation determined that the first appeal was not received but the second appeal was received and the decision was affirmed. This proceeding ensued.
We confirm. Petitioner is precluded from challenging the sufficiency of the evidence underlying the drug charge, i.e., the validity of the drug test, inasmuch as he pleaded guilty to using marihuana (see Matter of Mena v Gutwein, 216 AD3d 1384, 1385 [3d Dept 2023], lv denied 40 NY3d 906 [2023]; Matter of Davis v Annucci, 210 AD3d 1166, 1168 [3d Dept 2022], lv denied 39 NY3d 910 [2023]; Matter of Medina v New York State Dept. of Corr. & Community Supervision, 205 AD3d 1192, 1193 [3d Dept 2022]). Petitioner's contention that the tier II disciplinary hearing was not completed in a timely manner is belied by the record. Petitioner's remaining contentions are either unpreserved or without merit.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.