Mentiply v Foster (2025 NY Slip Op 03370)

Mentiply v Foster

2025 NY Slip Op 03370

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-0458
[*1]Donald R. Mentiply, as Trustee of the Mentiply Irrevocable Trust, Appellant,
v
Nancy Foster et al., Respondents.

Calendar Date:April 22, 2025

Before:Garry, P.J., Clark, Pritzker, McShan and Powers, JJ.

DuCharme Clark LLP, Clifton Park (John B. DuCharme of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Mark E. Cerasano of counsel), for respondents.

Clark, J.
Appeal from an order of the Supreme Court (Kathleen Hogan, J.), entered February 16, 2024 in Washington County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
The facts that gave rise to the instant action are more fully set out in our prior decision (Mentiply v Foster, 201 AD3d 1051 [3d Dept 2022] [hereinafter Mentiply I]). Briefly, when plaintiff's father commenced Mentiply I, he owned a parcel of waterfront property located on a peninsula known as Crow Point in the Town of Putnam, Washington County (hereinafter the Mentiply parcel). The Mentiply parcel is bordered by Lake George to the west and shares its eastern boundary with the western boundary of defendants' property (hereinafter the Foster parcel), which in turn is bordered by Gull Bay to the east. The Mentiply parcel was located downhill from the Foster parcel, with the two properties having approximately a five-foot difference in elevation. The parcels made up the same unitary tract of land until 1957, when they were split. In the 1957 conveyance of the Mentiply parcel, the common grantors expressly deeded "the right in perpetuity of ingress and egress by footpath to the premises . . . conveyed." The simultaneous conveyance of the Foster parcel stated that said property was subject to such express easement (id. at 1052, 1056-1057).
In 2017, plaintiff's father began construction of an elevated parking deck along the boundary shared with the Foster parcel. Defendants were not consulted before construction began and, believing that the ongoing construction encroached on their property, they obtained a stop work order. Thereafter, plaintiff's father commenced Mentiply I alleging, among other things, that defendants had installed certain objects on the Foster parcel which prevented plaintiff's family from having vehicular access to the Mentiply parcel. As to relief, plaintiff's father argued that his family had adversely possessed portions of the Foster parcel, namely, a parking space and certain paths branching from the deeded footpath that his family had allegedly used for vehicular access to that parking space, and branching paths that also would allow his family access to the elevated parking deck. Alternatively, plaintiff's father sought an order granting him a prescriptive easement over said portions of the Foster parcel.[FN1] As relevant to this appeal, in Mentiply I, defendants interposed a counterclaim seeking a declaration that they owned the Foster parcel in fee simple, encumbered only by the deeded footpath easement. The parties then reached a stipulation for temporary relief, wherein defendants agreed to remove the obstructions and allow plaintiff's family to park one vehicle on the disputed parking spot during the pendency of the complaint.
Before Mentiply I proceeded to trial, plaintiff's father passed away, and plaintiff's mother, in her capacity as the executor of his estate, was substituted as the plaintiff therein. Following [*2]a nonjury trial, Supreme Court (Auffredou, J.) found that the proof was insufficient to establish the adverse possession and prescriptive easement claims and dismissed the complaint; the court also granted defendants' request for declaratory judgment. Thereafter, through a posttrial motion, plaintiff's mother alleged that defendants had placed lumber on the Foster parcel in a manner that prevented her family from having vehicular access to the elevated parking deck located on the Mentiply parcel. Thus, she sought both to enjoin defendants from impeding such vehicular access and a contempt finding for defendants' purported violation of the stipulation for temporary relief. Supreme Court highlighted — and plaintiff's mother conceded — that the Mentiply I complaint had not sought any relief regarding the scope of the deeded footpath. Further, the court's determination on defendants' counterclaim only extended to a finding that "defendants own [the Foster parcel] in fee and that defendants' property is unencumbered, except for [the] deeded footpath, nothing more." The court also declined to find defendants in contempt, noting that the stipulation was vacated by operation of law when the complaint in Mentiply I was dismissed. Ultimately, the court denied the posttrial motion in its entirety.[FN2] On appeal, we affirmed Supreme Court's judgment following trial and its order denying the posttrial motion (id. at 1059). In doing so, we rejected the theory that defendants did not own the portion of the deeded footpath that crossed through the Foster parcel, and we observed that plaintiff's mother had not sought a declaration regarding the scope of same.
About a month after our decision in Mentiply I, plaintiff, in his capacity as trustee of the Mentiply Irrevocable Trust (hereinafter the trust),[FN3] commenced the instant action seeking, through the first and second causes of action, a declaration that plaintiff's family has the right to use the deeded footpath over the Foster parcel for vehicular access to the Mentiply parcel. Defendants moved to dismiss arguing, among other things, that the complaint was barred by res judicata. Plaintiff opposed and, following oral argument, Supreme Court (Hogan, J.) converted defendants' motion to one for summary judgment, and the parties engaged in supplemental motion practice. The court found that the complaint raised claims that could have been brought in Mentiply I such that the instant complaint was barred by res judicata; as such, the court granted defendants' motion for summary judgment and dismissed the complaint. Plaintiff appeals.
Although this appeal involves a summary judgment motion, the pertinent facts are not in dispute and, as such, this matter presents a question of law (see Mills v Chauvin, 103 AD3d 1041, 1045 [3d Dept 2013]). "The doctrine of res judicata bars relitigation of claims that either were or could have been raised in a prior action provided that the party to be barred had a full and fair opportunity [*3]to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits" (Jeda Capital-56, LLC v Potsdam Assoc., LLC, 225 AD3d 988, 989 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-348 [1999]). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; accord Matter of Barnes v Venettozzi, 210 AD3d 1171, 1172 [3d Dept 2022]). Further, where res judicata would operate to bar a subsequent action brought by a party in a prior action, those in privity with that party are similarly barred (see Matter of Falck, 232 AD3d 1150, 1153 [3d Dept 2024]; Matter of Theopheles v County of Rensselaer, 229 AD3d 1026, 1028 [3d Dept 2024]). Inasmuch as it is undisputed that Mentiply I was fully litigated, that it reached a final judgment on the merits and that plaintiff is in privity with the Mentiply I plaintiff, the only question before us is whether the instant complaint arises out of the same transaction or series of transactions as those in Mentiply I. "Resolving this query involves a pragmatic test analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage" (Jeda Capital-56, LLC v Potsdam Assoc., LLC, 225 AD3d at 990 [internal quotation marks and citations omitted]; see Simmons v Trans Express Inc., 37 NY3d 107, 111-112 [2021]; Restatement [Second] of Judgments § 24 [2]).
Through the first and second causes of action in the instant complaint, plaintiff seeks a declaration that the scope of the deeded footpath easement includes the right of vehicular access through the Foster parcel to reach the Mentiply parcel. In the prior action, the Mentiply I plaintiff pursued causes of action for adverse possession of a portion of the Foster parcel or, alternatively, a prescriptive easement over the same (Mentiply v Foster, 201 AD3d at 1053). While the two actions rested upon different legal theories, they involve the same two families and the same dispute permeates through them.[FN4] Further, both actions were motivated by the same goal of ensuring that plaintiff's family could drive a vehicle through the Foster parcel to access the Mentiply parcel and park their vehicle thereon (id.). Indeed, evidence regarding usage of the deeded footpath was proffered in Mentiply I, as it was pertinent to plaintiff's prescriptive easement claim over the branching paths and to defendants' counterclaim, such that the claims raised in the instant action would have formed a "convenient trial unit" as a part of the Mentiply I claims. Under these circumstances, Supreme Court correctly [*4]determined that the doctrine of res judicata precludes plaintiff from bringing the instant action (see O'Brien v City of Syracuse, 54 NY2d at 357-358; Jeda Capital-56, LLC v Potsdam Assoc., LLC, 225 AD3d at 990; Matter of Gustus v Fischer, 64 AD3d 1034, 1035 [3d Dept 2009]; compare Xiao Yang Chen v Fischer, 6 NY3d 94, 101 [2005]).[FN5] As such, the court properly dismissed the complaint.
To the extent not expressly addressed herein, plaintiff's remaining contentions have been considered and found to lack merit.
Garry, P.J., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The Mentiply I complaint also included a claim for easement by necessity, but that claim was later abandoned.

Footnote 2: In denying the motion, Supreme Court also noted that "defendants do not contest, nor seek to impede [plaintiff's mother's] ability to utilize her deeded footpath access to access her property by foot."
Footnote 3: During the pendency of the Mentiply I appeal, plaintiff's mother transferred the Mentiply parcel to plaintiff, as trustee of the trust.

Footnote 4: Contrary to plaintiff's argument, this dispute predated — and indeed triggered — Mentiply I, as the complaint therein contained allegations regarding actions taken by defendants to prevent plaintiff's family from driving over the Foster parcel to access the Mentiply parcel.

Footnote 5: Inasmuch as the barred claims seeking a declaration on the scope of the deeded footpath easement are the lynchpin of the third (seeking injunctive relief), fourth (alleging a nuisance) and fifth (alleging a violation of an express easement) causes of action, those claims were also properly dismissed (see Jeda Capital-56, LLC v Potsdam Assoc., LLC, 225 AD3d at 990).